JAMES W. ALCANTARA - State Bar No.: 152747
Alcantara & Associates, APC
402 West Broadway, Suite 1170
San Diego, California 92101
Telephone:     (619) 233-5900
Facsimile:     (619) 233-5999
Email:         jima@alcantaraassociates.com

Attorneys for Plaintiff Gregory A. Strasburg,
Individually and as Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003

FILED
2008 JAN -3  PM 3: 40
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____YNK_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/2003,<br><br>    Plaintiff,<br><br>v.<br><br>M/Y JUST A NOTION, Official Number 1089525, her engines, tackle, furniture and appurtenances, *in rem*; PETER BLAIR, *in personam*; JIM SINGLETON, *in personam*; and THE YACHT CLUB, LLC., a Nevada Corporation<br><br>    Defendants. | CASE NO.<br><br>**'08 CV 0021 JLS BLM**<br><br>IN ADMIRALTY<br><br>COMPLAINT FOR VESSEL ARREST AND DAMAGES<br><br>Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, Rules C and D |

COMES NOW Plaintiff Gregory A. Strasburg, Individually and as Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003 ("Plaintiff") and alleges:

**JURISDICTION**

1.  This is a case of Admiralty and Maritime Jurisdiction as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule "D" of the Supplemental Rules for Certain Admiralty and Maritime Claims, and jurisdiction is based on 28 U.S.C. section 1333(1), and as to state based claims on supplemental jurisdiction under 28 U.S.C. section 1367(a). Plaintiff brings this action, individually and as Trustee, in his capacity and as the owner of the *M/Y JUST A NOTION*.

-1-

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

## PARTIES

2. Plaintiff is an individual and a Revocable Trust lawfully formed and in full force and effect at all relevant times. At all relevant times, Plaintiff has been the lawful registered Owner of the vessel which is the subject matter of this action and which is described below.

3. Defendant vessel, *M/Y JUST A NOTION* (the "Vessel"), is a 1999 self-propelled 70-foot motor yacht of fiberglass construction, federally documented by the U.S. Department of Homeland Security through the U.S. Coast Guard Official Number 1089525; she is now within the waters of the Southern District of California and within the jurisdiction of this Court.

4. Defendant Peter Blair is an individual who, upon information and belief, is a resident of California, County of San Diego.

5. Defendant The Yacht Club, LLC, based on information and belief, is a foreign (Nevada) corporation created at the direction of Peter Blair and is subject to Corporations Code Section 21151 with its principal place of business (the location of the Vessel) in San Diego County, California.

6. Defendant Jim Singleton is, based upon information and belief, an individual residing in San Diego, California.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Prior to February 2007, Defendant Peter Blair approached Plaintiff with the proposition of having ownership of the Vessel transferred to Defendant The Yacht Club, LLC. The purpose of the transfer was, among other things, purportedly to enable the Vessel to be made available to be marketed and refurbished for multiple charters pursuant to fractional ownership agreements. In or around February 2007, a Bill of Sale and other related documents were executed by Plaintiff in reliance upon specific representations made by Peter Blair more specifically set forth below. Despite the Bill of Sale and related documents, legal Title to the Vessel was never legally transferred because of a transfer prohibition contained in the purchase loan documentation between Plaintiff and the original Vessel purchase loan provider. Thus, title to the Vessel has never legally transferred to The Yacht Club, LLC, or any other entity or individual.

///

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

10. After execution of the purported Bill of Sale and related documents, Defendant Peter Blair took possession of the Vessel and presently has her berthed at Kona Kai Marina in San Diego, California. As part of the agreement with Plaintiff, Peter Blair agreed to (among other things) undertake marketing of the vessel so as to sell fractional ownerships pursuant to his representations prior to execution of the Bill of Sale and related documents. In fact, Plaintiff believes no such marketing was undertaken as promised. Recently, Defendant Peter Blair has made claims he is an owner of the Vessel.

11. Defendant Jim Singleton allegedly loaned money to and/or purchased shares of The Yacht Club, LLC. The amount of money purportedly provided by Defendant Singleton is unknown. Defendant Jim Singleton also claims he is now an "owner" of the Vessel.

12. As set forth more fully below, Plaintiff alleges Defendant Peter Blair fraudulently induced him to enter into the agreement to transfer title of the vessel to Defendant The Yacht Club, Inc. Plaintiff further alleges, Defendant Peter Blair has and continues to attempt to unlawfully take possession and ownership of the Vessel under false pretenses. As a result, this action is brought.

## FIRST CLAIM – PETITORY ACTION TO ESTABLISH TITLE

### (Against Defendant Vessel)

### Supplemental Admiralty Rules D and E(2)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiff alone at all times has been the only legal holder of official title to the Vessel.

15. In or about February 2007, Plaintiff was induced into signing a Bill of Sale and other related documents which attempted to put title of the Vessel into the name of The Yacht Club, LLC. Due to restrictions contained in the purchase loan for the Vessel obtained by Plaintiff, however, title was never transferred.

16. Since taking possession of the Vessel under false pretenses, Defendant Peter Blair has represented to Plaintiff and others that he is an owner of the vessel.

17. To Plaintiff's knowledge, nothing has been done by Defendant Peter Blair to further the agreement contemplated by the Bill of Sale and the related documents. Indeed, on information and

1 belief, Defendant Peter Blair has attempted to sell the vessel outright to unknown parties without the consent of Plaintiff.

18. Recently, Plaintiff became aware that Peter Blair and others intended to take the vessel from San Diego, CA, to Mexico without the knowledge or consent of Plaintiff. On December 20, 2007, Plaintiff and his counsel lawfully boarded the Vessel with the intent of taking it to Marina del Rey in order to prevent the Vessel from being taken to Mexico. After boarding the Vessel, it was discovered the keys to the Vessel were missing. Plaintiff then called Defendant Peter Blair by telephone and advised him of his intention to take the vessel to Marina del Rey and asked for the keys to the Vessel. Defendant Peter Blair refused to provide the keys. Instead, Defendant Peter Blair called the San Diego Harbor Police and claimed Plaintiff was "stealing" the Vessel. The San Diego Harbor Police were dispatched to the Vessel and Plaintiff and his counsel were questioned. During this time, Defendant Jim Singleton arrived and represented he was also an owner of the Vessel.

19. Due to the multiple conflicting and irreconcilable representations of Defendants and Plaintiff claiming ownership in the Vessel, the San Diego Harbor Police instructed the Kona Kai Marina not to allow the Vessel to be moved pending civil resolution. Thus, this action has been filed so that lawful title and right to possession may be determined by this Court.

### SECOND CLAIM – Fraud By Intentional Misrepresentation of Fact
### (Against All Defendants Except *In Rem* Defendant)
### [C.C. Section 1710(1)]

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12 and 13 through 19 as though fully set forth herein.

21. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant Blair made numerous statements to Plaintiff that he would market the vessel and maintain the vessel so as to sell fractional ownerships for the benefit of Plaintiff.

22. Defendant Blair in these communications made numerous untrue statements pertaining to material facts, including but not limited to his plan to market the vessel for the benefit of Plaintiff.

23. All of these representations were at the time Defendant Blair made them, false.

-4-

24. The true facts were that Defendant Blair duped Plaintiff into transferring title to the Vessel to the "shell" Nevada Corporation The Yacht Club, LLC, so that Defendant Blair could then sell the Vessel with apparent authority and without the knowledge or consent of Plaintiff.

25. Plaintiff, at the time these representations were made by Defendant Blair, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of defendant Blair's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did invest hundreds of thousands of dollars as well as the Vessel itself which is valued in the millions. Had Plaintiff known the truth, he would not have entered into any arrangement with Defendant Blair. Plaintiff's reliance on defendant's representations was justified because Defendant represented to have extensive experience in the marketing and management of timeshare vessels.

26. As a proximate result of the fraudulent conduct of Defendant Blair as herein alleged, Plaintiff was induced to sign a Bill of Sale and other related documents purportedly transferring ownership of the Vessel to Defendant The Yacht Club, LLC. As a result, Plaintiff has been damaged in the sum yet to be determined, plus costs of suit, attorney fees, punitive and other recoverable damages.

The aforementioned conduct of Defendant Blair included but was not limited to intentional misrepresentations, deceit, and concealment of a material facts known to him with the intention on the part of Defendant Blair of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, in addition damages in a sum to be determined.

### THIRD CLAIM – Fraud By Negligent Misrepresentation of Fact
### (Against All Defendants Except *In Rem* Defendant)
### [C.C. Section 1710(2)]

27. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, and 21 through 26 as though fully set forth herein.

28. When Defendant Blair made the above referenced representations, he had no reasonable

-5-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

ground for believing them to be true in that he subsequently failed entirely to take any steps toward fulfilling the promises made to Plaintiff.

29. Defendant made these representations with the apparent intent to induce Plaintiff to act in reliance on these representations in the manner hereinabove alleged, or with the expectation that Plaintiff would so act.

30. As a result of such negligent misrepresentations, Plaintiff has been damaged in a sum according to proof.

### FOURTH CLAIM – Fraud By Suppression of Material Fact
### (Against All Defendant Except *In Rem* Defendant)
### (C.C.P. Section 1710(3))

31. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30 as though fully set forth herein.

32. In and before February of 2007 Defendant Blair represented that he would form a corporation to purchase the defendant Vessel, and that the Vessel would be utilized as a fractional ownership property for the financial benefit of, among others, the Plaintiff.

33. The false representations and failures to disclose information and suppressions of information herein alleged to have been made by Defendant Blair were made with the intent to induce Plaintiff to act in the manner hereinabove alleged in reliance thereon. Plaintiff, at the time these failures to disclose and suppressions of facts occurred, and at the time Plaintiff took the actions herein alleged, was ignorant of the existence of the facts which defendant suppressed and failed to disclose. If Plaintiff had been aware of the existence of the facts not disclosed by defendant, Plaintiff would not have, as he did, agree to provide the Vessel or any monies toward the purported venture involving The Yacht Club, LLC.

34. As a result of such fraud by way of suppression of material fact, Plaintiff has been damaged in a sum according to proof.

### FIFTH CLAIM – Fraud By Promise Without Intention to Perform
### (Against All Defendant Except *In Rem* Defendant)
### (C.C. Section 1710(4))

-6-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

35. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30, and 32 through 34 as though fully set forth herein.

36. In and before February of 2007, Defendant Blair promised that he would oversee the marketing and management of defendant Vessel, and that there was no "downside" in his plan, when in fact Defendant Blair neither intended to perform on his promise of marketing or managing the Vessel for the benefit of Plaintiff. At the time defendant Blair made the promises to Plaintiff, defendant had no intention of performing it and was in fact financially incapable of performing. The promise was made by defendant with the intent to induce Plaintiff and perhaps others to loan hundreds of thousands of dollars to Defendant Blair and/or Defendant The Yacht Club, LLC for the ostensible and understood purpose of marketing and refurbishing the defendant Vessel, while Defendant Blair's actual intent was to overstate the marketing refurbishment costs and divert monies earmarked for such marketing refurbishment for his own uses and purposes.

37. Plaintiff, at the time these promises were made and at the time Plaintiff took the actions herein alleged, was ignorant of Defendant Blair's secret intention not to perform, and Plaintiff could not have in the exercise of reasonable diligence discovered defendant Blair's secret intention. In reliance on the promises of Defendant Blair, Plaintiff attempted to transfer the Vessel and in fact transferred substantial funds for the purpose of marketing and refurbishment of the defendant Vessel. If Plaintiff had known of the actual intention of Defendant Blair, Plaintiff would not have taken such action. Defendant Blair has failed to perform on his promise to oversee the marketing and refurbishment of the Vessel, and to operate The Yacht Club, LLC in a lawful and responsible manner.

38. As a result of such fraud by way of promise without intention to perform, Plaintiff has been damaged in a sum according to proof.

### SIXTH CLAIM – BREACH OF FIDUCIARY DUTY
### (Against Defendant BLAIR)

39. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30, 32 through 34, and 36 through 38 as

-7-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

though fully set forth herein.

40. Defendant Blair is or at relevant times was an officer or director of The Yacht Club, LLC. Defendant Blair failed in and abrogated his fiduciary duties to, among other things: (a) maintain proper corporate records, including accountings of monies received for the benefit of the company's sole asset; (b) failure to maintain the company in good and active status with the Nevada Secretary of State; (c) failure to provide to shareholders (including Plaintiff) a reasonable, accurate and legally proper accounting; (d) failure to maintain proper and legitimate bank account(s) and associated records for the corporation; (e) conduct shareholder and director meetings as required by statute and the Bylaws; (f) reasonably protect and preserve corporate assets; (g) abstain from appropriation of monies intended for and rightfully belonging to the corporation; and (h) abstain from diversion of monies that were properly corporate funds and assets for personal use.

41. In acting as hereinabove described, Defendant Blair did not exercise the care required of directors.

42. As a result of such breaches of fiduciary duties, Plaintiff has been damaged in a sum according to proof.

## SEVENTH CLAIM - CONVERSION

### (Against All Defendants)

43. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30, 32 through 34, 36 through 38, and 40 through 42 as though fully set forth herein.

44. In or before February 2007, Defendant Blair falsely and fraudulently represented to Plaintiff: (a) that the Vessel would be managed and operated as a fractional ownership Vessel through The Yacht Club, LLC. ; and, (b) that there was no risk because of his extensive experience.

45. These representations were in fact false and defendant Blair knew of its falsity. The true facts were: (1) that Defendant Blair was financially incapable of performing as promised; (2) that he illegally encumbered the Vessel through a loan(s) from Defendant Singleton and possibly others to pay for operating and slip costs; (3) that he diverted monies intended for reconstruction to his

own uses; and (4) that Defendant Blair intended to take the Vessel to Mexico without consent or authority and/or sell the Vessel to a third-party; and (5) that Defendant Blair never kept Plaintiff informed as to the status of The Yacht Club, LLC. or the Vessel.

46. Plaintiff justifiably relied on defendant's representations and was thereby induced to assent bye signing a Bill of Sale transferring title to the Vessel to The Yacht Club, Inc. and allowing Defendant Blair to take physical possession of the Vessel.

47. Recently, Plaintiff became aware that Peter Blair intended to take the vessel from San Diego, CA, to Mexico without consent. On December 20, 2007, Plaintiff and his counsel lawfully boarded the Vessel with the intent of taking it to Marina del Rey in order to prevent the Vessel from being taken to Mexico. After boarding the Vessel, it was discovered the keys to the Vessel were missing. Plaintiff then called Defendant Peter Blair by telephone and advised him of his intention to take the vessel to Marina del Rey and asked for the keys to the Vessel. Defendant Peter Blair refused to provide the keys. Instead, Defendant Peter Blair called the San Diego Harbor Police and claimed Plaintiff was "stealing" the Vessel. The San Diego Harbor Police were dispatched to the Vessel and Plaintiff and his counsel were questioned.

48. Defendant Blair's acts alleged above were, on information and belief, willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages, additional to other damages in a minimum amount to be determined according to proof.

49. Defendant Blair, and possibly others, on information and belief, conspired to, convert all or a portion of Plaintiff's interest in the defendant Vessel by utilizing The Yacht Club, LLC as a pass-through entity, all without the knowledge, authority or permission of Plaintiff.

### EIGHTH CLAIM - AGENT'S WRONGFUL APPROPRIATION
### OF PROPERTY OF PRINCIPAL
### (Against Defendant BLAIR)

50. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30, 32 through 34, 36 through 38, 40 through 42 and 44 through 49 as though fully set forth herein.

-9-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

51. Defendant Blair was and is an officer or director of Defendant The Yacht Club, LLC, and he was legally subject to orders of said defendant corporation.

52. From the beginning of the formation of The Yacht Club, LLC, Defendant Blair, acting as the agent of defendant The Yacht Club, LLC, for his own benefit and acting within the course and scope of his authority from said defendant corporation, requested and received monies from Plaintiff with the understanding the monies would be used to pay for vessel marketing and costs.

53. As a result of such wrongful appropriation of property of a principal, Plaintiff has been damaged in a sum according to proof.

## NINTH CLAIM - BREACH OF CONTRACT
### (Against Defendant BLAIR)

54. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12, 13 through 19, 41 through 43, and 28 through 30, 32 through 34, 36 through 38, 40 through 42, 44 through 49, and 51 through 53 as though fully set forth herein.

55. Prior to February 2007, Defendant Blair offered: (1) to take all actions necessary to have the Vessel fitted and marketed as a fractional ownership Vessel for the benefit of Plaintiff; (2) to form defendant The Yacht Club, LLC for the purpose of owning and managing the Vessel and the purpose of assuring the marketing and refurbishment work was accomplished in a businesslike and competent manner, including the maintenance of all business records and documents necessary to track and substantiate the monies utilized in the project.

56. Plaintiff accepted Defendant Blair's above offer.

57. Defendant Blair breached this agreement, among other ways, by: (1) failing in whole to market the Vessel for purposes of fractional ownership; (2) failing to accomplish any of the goals contemplated by the agreement concerning the Vessel and The Yacht Club, LLC; (3) attempting to personally profit from the use/sale of the Vessel to the detriment of Plaintiff ; (4) attempting to unlawfully take title to the Vessel from Plaintiff; and (5) providing incomplete, false and misleading documents in an attempt to provide an "accounting," so as to "explain" how Plaintiff's contribution to The Yacht Club, LLC was utilized.

58. As a direct and proximate result of said breaches, Plaintiff has been damaged in a sum or

-10-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

sums according to proof.

## PRAYER

WHEREFORE, Plaintiff prays for Judgment as follows:

1.     That process be issued against the defendant Vessel *in rem* and against all persons having or claiming any interest in her, citing them to interpose their claims herein, and that Plaintiff have judgment exonerating the Vessel of any and all such claims and of any liens which might be claimed, and establishing the sole ownership of Plaintiff; and

2.     That the Bill of Sale and related documents executed by Plaintiff in or before and after February 2007 with regard to the Vessel and The Yacht Club LLC, be declared void *ab initio* and/or *nunc pro tunc*; and

3.     For damages in a sum of not less than $250,000, according to proof; and

4.     For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the Civil Code;

5.     For the penalty prescribed by Corporations Code Section 2200; and

6.     For damages for time and money properly expended in pursuit of converted property; and

7.     For costs of suit, including *custodia legis* expenses; and

8.     For attorneys' fees; and

9. For punitive damages in a sum sufficient to deter and punish Defendant Blair for his unlawful, reckless, fraudulent and otherwise outrageous conduct; and

11.    For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 3rd day of January 2008.

ALCANTARA & ASSOCIATES, APC

_____
JAMES W. ALCANTARA, ESQ.
Attorney for Plaintiff Gregory A. Strasburg,
Trustee of the Gregory A. Strasburg Revocable
Trust dated 4/8/2003

-11-

Case Number: _____

IN ADMIRALTY – COMPLAINT FOR VESSEL ARREST AND DAMAGES

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/03

**DEFENDANTS**
M/Y JUST A NOTION, in rem; Peter Blair, in personam, Jim Singleton, in personam; and The Yacht Club, LLC, a Nevada Corp.

FILED

(b) County of Residence of First Listed Plaintiff: **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
BY _____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
James W. Alcantara, Esq., ALCANTARA & ASSOCIATES, APC
402 W. Broadway, Suite 1170, San Diego, CA 92101; (619) 233-5900

Attorneys (If Known)

**'08 CV 0021 JLS BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
F.R.C.P. Supplemental Rules for Certain Admiralty and Maritime Claims, Rules C and D
Brief description of cause:
Petitory Action re Vessel and Action for Damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 250,000 plus
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 01/03/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 14610   AMOUNT $350  1/3/08 BH   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# ORIGINAL

```
        UNITED STATES
        DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

    # 146101      - BH

      January 03, 2008
         15:38:59


       Civ Fil Non-Pris
USAO #.: 08CV0021 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:              $350.00 CK
Check#.: BC# 4131



   Total->   $350.00



FROM: CIVIL FILING
      STRASBURG V. M/Y JUST A NOTION
```