1  Michael B. McDonnell, State Bar No. 107053
   Douglas M. Field, State Bar No. 237888
2  McDONNELL & ASSOCIATES
   2040 Harbor Island Drive, Suite 202
3  San Diego, California 92101
   Telephone: (619) 294-4230
4  Facsimile: (619) 294-4237

5

   Attorneys for PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC
6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GREGORY A STRASBURG, Individually and as    )   CASE NO.: 08CV21 JLS(BLM)
   | Trustee of the GREGORY A. STRASBURG         )
12 | REVOCABLE TRUST dated 4/8/2003,             )
   |                                             )
13 |                   Plaintiff,                )   IN ADMIRALTY
   |                                             )
14 |          vs.                                )
   |                                             )   STATEMENT OF RIGHT OR
15 | *M/Y JUST A NOTION*, Official Number 1089525, )  INTEREST OF DEFENDANT THE
   | her engines, tackle, furniture and appurtenances, *in* )  YACHT CLUB
16 | *rem;* PETER BLAIR, *in personam;* JIM      )
   | SINGLETON, *in personam;* and THE YACHT     )
17 | CLUB, LLC., a Nevada Corporation            )   Federal Rules of Civil Procedure
   |                                             )   Supplemental Rules for Certain
18 |                                             )   Admiralty and Maritime Claims, Rules
   |                   Defendants.               )   C and D
19 |                                             )
   | _____ )
20

21 | COMES NOW Peter Blair, as a managing member and President of Defendant THE YACHT

22 | CLUB, LLC., a Nevada Corporation, and pursuant to Federal Rules of Civil Procedure

23 | Supplemental Rules for Certain Admiralty and Maritime Claims Rules C and D asserts a right to

24 | possession and ownership interest in the vessel known as *M/Y JUST A NOTION,* Official

25 | Number 1089525, and all of her engines, tackle, accessories, equipment, furnishings and

26 | appurtenances ("DEFENDANT VESSEL"), and in support thereof, certifies and declares as

27 | follows:

28

1.   I, Peter Blair, am the President and Manager of the Yacht Club LLC.  I have personal knowledge of all of the matters stated herein;

2.   On or about April of 2006, Plaintiff, GREGORY A STRASBURG, as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST, executed documents whereby he transferred any and all interest he had in the vessel which is the subject of this litigation to Yacht Club, LLC and accordingly, Yacht Club, LLC has a possessory interest in this vessel;

3.   In addition to this possessory interest, Yacht Club LLC has incurred liabilities for the operations, maintenance, and repairs of the vessel, including, but not limited to;

a)   Outstanding fuel bills to High Seas Fuel, Inc.;

b)   Outstanding invoice to Pacific Propeller;

c)   Outstanding invoice to Kona Kai for mooring fees and/or electoral hook ups;

d)   Overboard life raft repair company for work performed on inspection of the life raft and battery replacement to Epirb;

e)   Outstanding obligations exceeding $150,000, plus accrued interest and fees for monies borrowed from Jim Singleton;

f)   Unpaid salary and reimbursement of expenses in the amount in excess of $60,000 to David Moniz;

g)   Unpaid invoices for labor and reimbursement of expenses in the amount in excess of $30,000 to Kim Warner;

h)   Unpaid invoices for labor and reimbursement of expenses in the amount in excess of $300,000 to Peter Blair.

4.   I n addition to these obligations there is certain equipment onboard the vessel which belongs to Yacht Club LLC, these includes surf boards, kayaks, diving gear, fishing gear, and the dingy, which is *TT Just a Notion*.

5.   Finally, pursuant to the business plan which is signed by all, including the Plaintiff in this action, Yacht Club LLC sold a fractional ownership to Mr. Rob LaBreche.  Mr. LaBreche has paid $50,000 for his fractional ownership along with a promissory note to pay the

balance of the $190,000 membe4rship.

6.    It was also agreed that Yacht Club LLC had the right to sell the vessel for the purpose of paying off all of the above obligations.  Accordingly, Yacht Club has a possessory interest for purpose of sale of the vessel, a possessory interest because of ownership of the vessel, and an economic interest because of the fractionalized ownership of the vessel, and fees, costs, and labor invested into the vessel;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of January, 2008 at San Diego, California.

_____
Peter Blair as President/THE YACHT
CLUB