Michael B. McDonnell, State Bar No. 107053
Douglas M. Field, State Bar No. 237888
McDONNELL & ASSOCIATES
2040 Harbor Island Drive, Suite 202
San Diego, California 92101
Telephone: (619) 294-4230
Facsimile: (619) 294-4237

Attorneys for PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/28/2003<br><br>Plaintiff,<br><br>vs.<br><br>M/Y JUST A NOTION, Official Number 1089525, her engines, tackle, furniture and appurtenances, *in rem*; PETER BLAIR, *in personam*; JIM SINGLETON, *in personam*; and THE YACHT CLUB, LLC., a Nevada Corporation,<br><br>Defendants. | CASE NO.: 08cv0021JLS(BLM)<br><br>POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)), or, in the alternative, MOTION FOR A MORE DEFINITE STATEMENT<br><br>Date: March 28, 2008<br>Time: 10:30 a.m.<br>Judge: Hon. Janis L. Sammartino<br>Dept: Courtroom 6 |

COMES NOW Defendants PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC. for themselves and for no other Defendants with their Points and Authorities in Support of their Motion to Dismiss The Second, Third, Fourth, and Fifth Causes of Action For Failure to State a Claim Upon Which Relief Can Be Granted.

## BACKGROUND

This action arises out of Plaintiffs breach of a contract. Plaintiff transferred ownership of the Vessel to Defendant THE YACHT CLUB. The purpose of this transfer was, among other things, to enable the Vessel to be made available to be marketed and refurbished for multiple

charters pursuant to fractional ownership agreements. Now, Plaintiffs bring this action and arrest the Vessel which had been contractually bargained for and transferred to the Defendants so that rightful title and ownership may be determined by this Court.

Defendants PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC. bring this 12(b)(6) Motion to Dismiss the Second, Third, Fourth and Fifth Causes of Action for Fraud by Intentional Misrepresentation of Fact, Fraud by Negligent Misrepresentation of Fact, Fraud by Suppression of Material Fact, and for Fraud By Promise without intention to Perform, respectively, on the grounds that Plaintiffs' allegations fail to meet the particularity requirement under FRCP 9(b) in pleading actions for fraud. Plaintiffs fail to plead these causes of action so that relief may be granted. Plaintiffs fail to plead facts that show how, when, where, to whom and by what means any alleged misrepresentations were tendered. Defendants PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC. have not been given notice of any particular misconduct, with which the Plaintiffs may be charging them, so that they may defend against the charge instead of just denying that they have done anything wrong.

## ARGUMENT

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. FRCP 9(b); *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F3d 1020-1023. When this particularity requirement is satisfied, the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" *Moore v. Kayport Package Express Inc.* (9th Cir. 1989) 885F2d 531, 540.

The substantive elements of fraud are determined by state law, and must be plead with particularity as required by FRCP 9(b). *Moore v. Brewster* (9th Cir. 1996) 96 F3d 1240, 1245-1246. Under California law, the substantive elements of fraud are (a) misrepresentation; (b) knowledge of the falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage. *See* Witkin, Summary of Cal. Law (9th ed. 1988) Torts § 676, p. 778. And in alleging Fraud, the plaintiff is required to plead facts that "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Sup. Ct* (1996)12 C4th 631, 645, 49, CR2d 377, 385; *Stansfiedl v. Starkey* (199) 220 CA3d 59, 73, 269 CR 337, 345. And when, as here,

allegations of fraud fail to meet the Rule 9(b) standard they are disregarded, and the remaining allegations are evaluated to see if a valid claim has been stated. [*Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003)317 F3d 1097, 1105; *Lone Star Ladies Invest. Club v. Schlotzsy's inc.* (5th Cir. 2001)238 F3d 363-368.

# I.
# PLAINTIFFS FAIL TO SPECIFY WITH PARTICULARITY THE ALLEGED FRAUDULENT REPRESENTATION

"Even in a case involving numerous oft-repeated misrepresentations, the plaintiff must, at minimum, set out a representative selection of the alleged misrepresentations sufficient to permit the trial court to ascertain whether the statements were material and otherwise actionable." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 218.

In their complaint, under the Second, Third, Fourth and Fifth Causes of Action, Plaintiffs, by way of setting out the alleged misrepresentations allege only that "Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant Blair made numerous statements to Plaintiff that he would market the vessel and maintain the vessel so as to sell fractional ownerships for the benefit of Plaintiff." *See: Complaint* ¶21P4:23-25; Defendant Blair in these communications made numerous untrue statements pertaining to material facts, including but not limited to his plan to market the vessel for the benefit of Plaintiff;" *Complaint* ¶22P4:26,27; "In and before February of 2007 Defendant Blair represented that he would form a corporation to purchase the defendant Vessel, and that the Vessel would be utilized as a fractional ownership property for the financial benefit of, among others, Plaintiff." *Complaint* ¶32P6:13-15; and "...Defendant Blair promised that he would oversee the marketing and management of defendant Vessel, and that there was no "downside" in his plan..." *Complaint* ¶36P7:4-5.

Though the above causes of action for Fraud are alleged against all Defendants Except In Rem Defendants, Defendants JIM SINGLETON, and THE YACHT CLUB, LLC are not alleged to have made any representations at all. Further, the allegations of fraud against Defendant PETER BLAIR provide only general information as to what he may have said regarded and

provide no indication of what DAN PETER actually said or how he said it. These allegations are not nearly specific enough to give Defendants notice of particular misconduct so that they may defend against the charge and not just deny that they have done anything, wrong.

In meeting allegations of fraud, serious attacks upon Defendants' character, Defendants should not be forced to guess at which misconduct they are to defend against and are entitled to a definite statement which allows them to identify the representation and the speaker to which Plaintiffs are referring.

## II

## PLAINTIFFS FAIL TO ALLEGE WITH PARTICULARITY BY *WHOM* THE ALLEGED MISREPRESENTATIONS WERE MADE

In fraud cases involving several defendants, the complaint should set forth the role of each defendant in the fraud. Each defendant is entitled to be informed of the specific acts or omissions which it must defend. *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F3d 1097, 1106; *Jacobson v. Peat, Marwick, Mitchell & Co.* (SD NY 1977) 445 F. Supp. 518, 524. As stated above, in their causes of action for Fraud, Plaintiffs refer to Defendants collectively and refer the reader to elsewhere in the Complaint in order to decipher to which representations Plaintiff is referring to as false. Because Plaintiffs do not set forth the role of each defendant in the alleged fraud, and because Defendants are left to guess at the specific acts or omissions of which they must defend, Plaintiffs fail to meet the requirement of particularity as required by FRCP 9(b), and the issue of when and where the alleged misrepresentation were made serves only to further cloud the issues.

## III.

## PLAINTIFFS FAIL TO ALLEGE WITH PARTICULARITY *IN WHAT MANNER* THE ALLEGED MISREPRESENTATIONS WERE MADE

Generally, the Plaintiff must also identify the actual source of the fraud (i.e., whether the fraudulent statement was oral or written and, if written, the particular documents involved). *Arroyo v. Wheat* (D NV 1984) 591 F. Supp. 136, 139. Plaintiffs allege that "Plaintiff is informed and believes that, at all times mentioned herein mentioned, Defendant Blair made numerous

statements..." ¶21P4:23-24. Again, Plaintiffs fail to allege that Defendants JIM SINGLETON, and THE YACHT CLUB, made any representations at all and fail to allege in what manner PETER BLAIR made any representations. Further, it is odd that these allegations are made upon information and belief because if Plaintiffs are alleging that they acted to their detriment based upon representations made by Defendants than they must necessarily know that Defendants made such representations, which Defendants made these representations, how, when and where the Defendant made such representation and, with particularity, what it was the Defendant represented. These conclusory allegations demonstrates none of the specificity contemplated by FRCP 9(b) and are therefore insufficient to put Defendants on notice as to the specific misrepresentations of which they are being charged.

## IV.
## PLAINTIFF HAS NOT MET THE EVEN MORE STRINGENT BURDEN NECESSARY WHEN ASSERTING CAUSES OF ACTION FOR FRAUD AGAINST A CORPORATION

In California, Plaintiff's burden in asserting fraud against a corporation is even more stringent and requires the Plaintiff to allege the names of the persons who made the allegedly fraudulent misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Lazar v. Sup. CT.* (1996) 12 C4th 631, 645, 649. As discussed above, Plaintiffs allegations fail to show how, when, where and by what manner the representations were made, and their allegations of fraud against THE YACHT CLUB, whatever they may be, fail to allege the names of the persons who made the allegedly fraudulent misrepresentations, their authority to speak, what they said or wrote and when it was said or written. Therefore Plaintiffs fail to state a cause of action against THE YACHT CLUB for which relief can be granted.

## CONCLUSION

Based upon the foregoing, it is the contention of Defendants that Plaintiff has failed to meet his burden to set forth with specificity the facts that would constitute fraud. Plaintiff has failed to plead with specificity how, when, where, to whom, and by what means any representations were made. The particularity requirement of FRCP 9(b) ensures that a defendant

has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim, and by failing to provide this sufficient information Plaintiff has failed to assert a claim for fraud or negligent representation against DAN PETERS, JIM SINGLETON, or THE YACHT CLUB, LLC for which relief can be granted. Accordingly, Defendants respectfully request that this Court Dismiss these Causes of Action, or, in the alternative, order Plaintiffs to provide a more definite Statement.

DATED:   February 1, 2008         McDONNELL & ASSOCIATES, P.C.

_____
Douglas M. Field, Attorney for Defendants
PETER BLAIR, JIM SINGLETON, and
THE YACHT CLUB, LLC