JAMES W. ALCANTARA - State Bar No.: 152747
Alcantara & Associates, APC
402 West Broadway, Suite 1170
San Diego, California 92101
Telephone:    (619) 233-5900
Facsimile:    (619) 233-5999
Email:        jima@alcantaraassociates.com

Attorneys for Plaintiff Gregory A. Strasburg,
Individually and as Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/2003<br><br>Plaintiff,<br><br>v.<br><br>M/Y JUST A NOTION, Official Number 1089525, her engines, tackle, furniture and appurtenances, *in rem*; PETER BLAIR, *in personam*; JIM SINGLETON, *in personam*; and THE YACHT CLUB, LLC., a Nevada Corporation<br><br>Defendants. | CASE NO. 08CV21 JLS (BLM)<br><br>IN ADMIRALTY<br><br>ORDER APPOINTING NEW SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL<br><br>Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, Rules C and D |

    Plaintiff GREGORY A. STRASBURG, individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/03 (hereinafter referred to as "PLAINTIFF") by and through his attorney of record, James W. Alcantara, Esq. of Alcantara & Associates, APC., having appeared and made the following recitals:

    1.    On or about January 3, 2008, the Complaint herein was filed praying that the Defendant vessel, *M/Y JUST A NOTION* and her engines, tackle, apparel, furnishings, equipment, accessories, appurtenances, etc., and all other necessaries thereunto appertaining and belonging (hereinafter referred to as "DEFENDANT VESSEL"), be arrested and ordered into the custody of the Substitute Custodian – Driscoll's Wharf.

-1-

2. The United States Marshal did arrest the DEFENDANT VESSEL on January 9, 2008, and thereafter released DEFENDANT VESSEL to the substitute custodian Driscoll's Wharf pursuant to the Order Appointing Substitute Custodian and for Authorization for Movement of Defendant Vessel filed on January 7, 2008.

3. The DEFENDANT VESSEL currently is situated in a slip located at Driscoll's Wharf, 4918 N. Harbor Drive, San Diego, California, 92106.  PLAINTIFF has requested that Neilson Beaumont Marine, Inc. (hereinafter referred to as "Neilsen Beaumont") be appointed as the new Substitute Custodian.  Nielsen Beaumont has agreed to assume the responsibility for safekeeping of the said DEFENDANT VESSEL and has consented to act as her Substitute Custodian until further order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed the prevailing rates for substitute custodian services in the Port of San Diego, as described with further particularity in the Declaration of Don Beaumont, President of Nielsen Beaumont.

(a) Assume custody of the vessel from Driscoll's Wharf and keep her in a secure slip at Nielsen Beaumont, until further order of the Court;

(b) As soon as possible after assuming custody of the vessel, photograph and/or videotape the interior and exterior of the vessel;

(c) Periodically inspect mooring lines/fenders to assure safe and secure mooring;

(d) Periodically as deemed prudent under the existing circumstances, but no less than weekly, supervise a weekly inspection to ensure the vessel's watertight integrity and to check for any excessive bilge water and fuel lubricant leaks. Also, ensure the vessel is washed and kept in the condition she was in at the time of her arrest.  Where further action beyond those detailed herein is deemed necessary to preserve the vessel, Nielsen Beaumont shall advise counsel, so counsel can seek an appropriate Order from the Court;

(e) Provide at the usual and customary rates prevailing in the port additional services such as cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such

-2-

1 services are deemed prudent.

2    (f) Nielsen Beaumont will operate only machinery described in a proper Court
3 Order.

4    (g) Provide other such services as may be required from time-to-time, by further
5 Order of the Court.

6 Nielsen Beaumont, in consideration of the Court's and Driscoll's Wharf's consent to the
7 substitution of custodian, agrees to release the United States and the Marshal and Driscoll's Wharf
8 from any and all liability and responsibility arising out of the case and custody of the
9 DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and
10 all other necessaries thereunto appertaining and belonging, from the time Driscoll's Wharf
11 transfers possession of said vessel over to said substitute custodian, and further agrees to hold
12 harmless and indemnify the United States, the U.S. Marshal and Driscoll's Wharf from any and all
13 claims whatsoever arising out of the substitute custodian's possession and safekeeping.

14 THEREFORE IT IS HEREBY ORDERED that Driscoll's Wharf, as substitute custodian of
15 is hereby, authorized and directed to release DEFENDANT VESSEL, her tackle, apparel,
16 furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, to
17 the new Substitute Custodian named herein, and that upon such surrender Driscoll's Wharf shall be
18 discharged from its duties and responsibilities for the safekeeping of said vessel and held harmless
19 from and against any and all claims whatever arising out of said substituted possession and
20 safekeeping.

21 IT IS FURTHER ORDERED that NIELSEN BEAUMONT be, and is hereby appointed,
22 the Substitute Custodian of said vessel, to retain her in its custody for possession and safekeeping,
23 with the authority to move the DEFENDANT VESSEL to any suitable and safe place from
24 Driscoll's Wharf to a suitable slip within its marina, for the aforementioned compensation and in
25 accordance with the Declaration of Don Beaumont and the recitals herein contained until further
26 order of this Court.

27 **IT IS FURTHER ORDERED that defendants (1) SHALL BE ALLOWED to remove**
28 **personal items from the DEFENDANT VESSEL at a date and time previously agreed upon**

-3-

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

1 **by the parties and (2) SHALL SUBMIT, through counsel, a list of "specialized maintenance**
2 **items" required for the DEFENDANT VESSEL to maintain its value during the pendency of**
3 **this litigation. The parties SHALL CONTACT Magistrate Judge Barbara L. Major to**
4 **resolve any disputes regarding the removal of personal items or the maintenance of the**
5 **DEFENDANT VESSEL during this litigation.**

6 DATED: February 5, 2008                              /s/ Janis L. Sammartino
7                                                                    Hon. Janis L. Sammartino
                                                                          HONORABLE JUDGE OF THE
8                                                                    UNITED STATES DISTRICT COURT

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999