1  JAMES W. ALCANTARA - State Bar No.: 152747
   Alcantara & Associates, APC
2  402 West Broadway, Suite 1170
   San Diego, California 92101
3  Telephone:    (619) 233-5900
   Facsimile:    (619) 233-5999
4  Email:        jima@alcantaraassociates.com

5  Attorneys for Plaintiff Gregory A. Strasburg,
   Individually and as Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003

6

7

8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  GREGORY A. STRASBURG, Individually        ) CASE NO.: 08CV0021 JLS (BLM)
    and as Trustee of the GREGORY A.          )
11  STRASBURG REVOCABLE TRUST dated           ) IN ADMIRALTY
    4/8/2003                                  )
12                                            ) PLAINTIFF'S OPPOSITION TO
              Plaintiff,                      ) DEFENDANTS' MOTION TO
13                                            ) DISMISS THE SECOND, THIRD,
    v.                                        ) FOURTH AND FIFTH CAUSES OF
14                                            ) ACTION FOR FAILURE TO STATE A
    M/Y JUST A NOTION, Official Number        ) CLAIM UPON WHICH RELIEF CAN
15  1089525, her engines, tackle, furniture and) BE GRANTED (FRCP 12(b)(6), OR, IN
    appurtenances, in rem; PETER BLAIR, in    ) THE ALTERNATIVE, MOTION FOR
16  personam; JIM SINGLETON, in personam;     ) A MORE DEFINITE STATEMENT
    and THE YACHT CLUB, LLC., a Nevada        )
17  Corporation                               ) Date:     March 28, 2008
                                              ) Time:     10:30 a.a.m.
18            Defendants.                      ) Judge:    Hon. Janis L. Sammartino
                                              ) Dept.:    Courtroom 6
19  _____  )

20

21       COMES NOW Plaintiff GREGORY A. STRASBURG, individually and as Trustee of the

22  GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/03 (hereinafter referred to as

23  "Plaintiff") by and through his attorney of record, James W. Alcantara, Esq. of Alcantara &

24  Associates, APC., and hereby submits his Opposition to Defendants' Motion to Dismiss.

25                   MEMORANDUM OF POINTS AND AUTHORITIES

26       A dismissal based upon rule 12(b)(6) can be based upon either the lack of a cognizable

27  legal theory or the absence of sufficient facts alleged under a cognizable theory.  (See Balistreri v.

28  Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)).  Under rule 12(b)(6), a complaint should

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his or her claim for relief.  (See <u>Levine v. Diamanthuset, Inc.,</u> 950 F.2d 1478, 1482 (9th Cir. 1991)).  The general rule in applying this standard is that the court must treat all of plaintiff's factual allegations as true.  (See <u>Experimental Eng'g, Inc. v. United Technologies Corp.,</u> 614 F.2d 1244, 1245 (9th Cir. 1980)).  In addition, when a motion is brought before the court under Fed. R. Civ. P. 12(b)(6), the court assumes that all general allegations "embrace whatever specific facts might be necessary to support them."  (<u>Peloza v. Capistrano Unified School District</u>, 37 F.3d 517, 521 (9th Cir. 1994)).

In the present case, Plaintiff alleges Defendant Blair (on behalf of himself and all other defendants) made specific representations to Plaintiff Greg Strasburg with the purpose of inducing Plaintiff to transfer ownership of Plaintiff's Vessel to Defendant Yacht Club, LLC.[1]  Plaintiff entered into a written contractual "Operating Agreement" with Defendants as a direct result of the false representations.  The Complaint clearly details the fraudulent conduct of Defendants.  Specifically, the Complaint alleges Defendant Blair made numerous false statements (set forth with particularity) to Plaintiff Strasburg in order to have him enter into the Operating Agreement.

The authority cited by Defendants supports denial of their motion.  *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 218, provides that a plaintiff need only "set out a representative selection of the alleged misrepresentations sufficient to permit the trial court ascertain whether the statements were material and otherwise actionable." Defendants' own motion cites to Plaintiff's Complaint wherein a representative selection of specific false statements are made. *See, Motion to Dismiss* p.3, ll. 12-24.

The purpose of this lawsuit is to put and end to a scam perpetrated by Defendants against Plaintiff.  The Complaint sets forth sufficient particularities to allow this Court to ascertain whether the conduct of Defendants was material and otherwise actionable.  Thus, Defendants' motion should be denied.

Plaintiff will demonstrate Defendants violated their obligations under the contractual

---

[1] Each of the specific statements set forth in the Complaint were made by Defendant Blair. At this point it is believed those statements were made of behalf of all Defendants.

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

Operating Agreement.  Further, Plaintiff also will demonstrate fraud in that Defendants had no intention of complying with their obligations under the contractual Operating Agreement.  The conduct of Defendants, after entering into the contractual Operating Agreement, clearly proves these allegations.  Discovery is necessary to ultimately reveal all of the fraudulent conduct and those specific persons and/or entities involved in such conduct.  At this stage of the pleadings, however, Plaintiff has alleged more than sufficient details to allow Defendants to prepare their defenses as this case goes forward.

Plaintiff contends the Complaint is sufficient in that all of the causes of action therein are as detailed and complete as possible at this stage of the case; however, in the alternative, should this Court believe that the allegations of any particular cause of action in the Complaint are insufficient, Plaintiff respectfully requests leave to amend the Complaint accordingly.

RESPECTFULLY SUBMITTED this 14th day of March 2008.

ALCANTARA & ASSOCIATES, APC


s/ James W. Alcantara
JAMES W. ALCANTARA, ESQ.
Attorney for Plaintiff Gregory A. Strasburg,
Trustee of the Gregory A. Strasburg Revocable
Trust dated 4/8/2003