Michael B. McDonnell, State Bar No. 107053
Douglas M. Field, State Bar No. 237888
McDONNELL & ASSOCIATES
2040 Harbor Island Drive, Suite 202
San Diego, California 92101
Telephone: (619) 294-4230
Facsimile: (619) 294-4237

Attorneys for PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/28/2003,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>*M/Y JUST A NOTION*, Official Number 1089525, her engines, tackle, furniture and appurtenances, *in rem*; PETER BLAIR, *in personam*; JIM SINGLETON, *in personam*; and THE YACHT CLUB, LLC., a Nevada Corporation,<br><br>　　　　　　　Defendants. | CASE NO: 08cv0021JLS(BLM)<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)), or, in the alternative, MOTION FOR A MORE DEFINITE STATEMENT<br><br>Date: March 28, 2008<br>Time: 10:30<br>Judge: Hon. Janis L. Sammartino<br>Dept: Courtroom 6 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendants PETER BLAIR, JIM SINGLETON, and THE YACHT CLUB, LLC. for themselves and no other Defendants with their Reply to Plaintiffs Opposition to Defendants Motion to Dismiss The Second, Third, Fourth, and Fifth Causes of Action for Failure to State a Claim Upon Which Relief Can Be Granted.

## ARGUMENT

Notwithstanding the generally accepted policy of liberality in pleadings, there are certain

---

REPLY TO OPPOSITION TO MOTION TO DISMISS
THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION

08Ccv0021 JLS(BLM)

1

cases in which a stricter pleading standard is required. Because fraud allegations involve a serious attack on defendants' character, fairness requires that allegations of fraud be plead "with particularity" so that the court can weed out nonmeritorious actions before defendant is required to answer. This is said to be the "last remaining habitat" of Common Law pleading standards. *Committee on Children's Television Inc. v. General Foods Corp.* (1983) 35C3d 197, 216.

Therefore, every element of the cause of action for fraud must be alleged in full, factually and specifically. The policy of liberal construction of pleading will not be invoked to sustain a pleading defective in any material respect. *Wilhelm v. Pray, Price, Willisams & Russell* (1986) 186 CA3d 1324, 1332. The particularity requirement necessitates pleading facts that "show how, when, where, to whom and by what means the representations were tendered." *Stansfield v. Starkey* (1990) 229 CA3d 59, 73.

While Plaintiff argues that discovery is necessary to ultimately reveal all of the fraudulent conduct and those specific persons and/or entities involved in such conduct, such an argument in ignores the well-settled specificity requirement. The substantive elements of fraud are (a) misrepresentation; (b) knowledge of the falsity; c) intent to defraud; (d) justifiable reliance; and (e) resulting damage. It is incongruous then to base a cause of action for fraud on information and belief. Plaintiff, alleging that he justifiably relied upon some statement of the Defendant(s), is in a unique position to know precisely upon what statement he relied, who made the statement, how and when the actionable statement was made. Plaintiffs' conclusory terms do not come close to meeting the specificity requirement.

Further, contrary to Plaintiff's assertions, *Committee on Children's Television Inc.* does not support their argument. In *Committee on Children's Television Inc.*, where the alleged misrepresentations were numerous and made to many different people, by and through public advertisements, the court upheld the order of the trial court sustaining demurrers to the third, fourth, fifth and sixth causes of action for fraud. While the court noted that for plaintiffs to provide the substance of each advertisement verbatim would be impractical, they stated that the trial court could reasonably require plaintiffs to set out or attach a representative selection of the

advertisements. *Committee on Children's Television Inc.*, at 218. A representative section in this regard, is a specific example of the oft repeated representations, and not as Plaintiffs would have this Court believe, merely conclusory allegations.

Conclusory allegations can not be sufficient when pleading actions for fraud. In *Goldrich v. Natural Y Surgical Specialties* (1994) 25 CA 4th 772, the Plaintiff alleged that a breast implant manufacturer fraudulently represented that their product was safe for use and would not require frequent removal from her body. The Court held that these conclusory terms "did not come close" to the required specificity in a fraud complaint; it cannot be determined what was said or by whom or in what manner (orally or in writing). *Goldrich* at 783. Here, Plaintiffs make no allegations demonstrating any more specificity than those found to be wholly insufficient by the court in the *Goldrich* matter.

## CONCLUSION

While Plaintiffs are in the unique position to know upon what alleged misrepresentation they relied, they have failed to meet the specificity requirement for pleading causes of action for fraud by failing to allege how, when, where, to whom and by what means the representations were tendered. The general allegations of fraud against PETER BLAIR are wholly insufficient, and Plaintiffs complaint is devoid of any substantive fraud allegations against JIM SINGLETON, and THE YACHT CLUB, LLC. For the foregoing reasons, and those set forth in Defendants underlying motion, Defendants respectfully request that this Court dismiss the second through fifth causes of action for fraud.

DATED:   March 18, 2008                McDONNELL & ASSOCIATES, P.C.

                                       _____
                                       Douglas M. Field, Attorney for Defendants
                                       PETER BLAIR, JIM SINGLETON, and
                                       THE YACHT CLUB, LLC