1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2    David B. Hopkins, SBN 126780
     Jenny K. Goodman, SBN 177828
3  550 West "C" Street, Suite 1500
   San Diego, California 92101
4  Telephone:  (619) 233-4100
   Fax:  (619) 231-4372
5  hopkins@shlaw.com
   goodman@shlaw.com
6
   Attorneys for Defendant,
7  Jim Singleton

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 GREGORY A. STRASBURG, Individually     ) CASE NO. 08 CV 0021 JLS (BLM)
   and as Trustee of the GREGORY A.       )
11 STRASBURG REVOCABLE TRUST dated        ) IN ADMIRALTY
   4/8/2003                               )
12                                        )
                                          )
13              Plaintiffs                ) DEFENDANT SINGLETON'S
                                          ) SUPPLEMENTAL REPLY
14              v.                         ) MEMORANDUM TO MOTION TO
                                          ) DISMISS THE SECOND, THIRD,
15 M/Y JUST A NOTION, Official Number     ) FOURTH AND FIFTH CAUSES OF
   1089525, her engines, tackle, furniture and ) ACTION FOR FAILURE TO STATE A
16 appurtenances, in rem; PETER BLAIR, in ) CLAIM UPON WHICH RELIEF CAN BE
   personam; JIM SINGLETON, in personam; ) GRANTED [FRCP 12(B)(6)], OR, IN THE
17 and THE YACHT CLUB, LLC., a Nevada     ) ALTERNATIVE, MOTION FOR A
   Corporation                            ) MORE DEFINITE STATEMENT
18                                        )
                                          )
19              Defendants.               ) Date:    March 28, 2008
                                          ) Time:    10:30 a.m.
20 _____  ) Judge:   Hon. Janis L. Sammartino
                                          ) Dept.:   Courtroom 6
21
22
23
24
25
26
27
28

1    Defendant Jim Singleton, severing himself from all other defendants, submits this

2    Supplemental Reply Memorandum in Support of Motion to Dismiss the Second, Third, Fourth, and

3    Fifth Causes of Action.[1]  His Motion to Dismiss should be granted, without leave to amend.

4                                           **I**

5                 **INTRODUCTION AND SUMMARY OF ARGUMENT**

6    The Second, Third, Fourth and Fifth Causes of Action in the Complaint all sound in fraud.

7    Therefore, all must be pled with particularity against each Defendant.  The Complaint fails to do so,

8    particularly with respect to Defendant Jim Singleton.  The Complaint's only substantive allegation

9    with respect to Defendant Singleton is that he loaned money to and/or purchased shares in Defendant

10   The Yacht Club, LLC and that he now claims to be an owner of the Vessel which is the subject of

11   these proceedings.  Cplt. ¶ 11.  There is not one single statement of any type in the Complaint

12   attributed to Defendant Singleton.

13   Plaintiffs' Opposition concedes that their Complaint is devoid of any allegations of any

14   representations made by Defendant Singleton: "[e]ach of the specific statements set forth in the

15   Complaint were made by Defendant Blair."  Opposition Brief, page 2, fn. 1.  Plaintiffs' Opposition

16   nevertheless argues, without any citation to the Complaint (because there is none), that "it is

17   believed those statements were made of behalf of all Defendants." Id.  However, Plaintiffs cannot

18   plead their case against Defendant Singleton in their Opposition.  Even if they could, that conclusory

19   allegation, even if not based only on their belief is insufficient. Therefore, Defendant Singleton's

20   motion to dismiss should be granted.

21   Moreover, the Court should grant Defendant Singleton's motion to dismiss without leave to

22   amend.  In an apparent effort to add particularity in their Opposition that is absent from their

23   Complaint, Plaintiffs assert in their Opposition that the object of the fraud was to induce Plaintiff

24

25

---

26   [1]  On March 18, 2008, Singleton's former attorney Michael McDonnell, filed a reply brief on behalf
     of all defendants whom he was jointly representing at the time.  On March 19, 2008, Mr. Singleton
27   retained this firm to represent his interests in this matter. This Supplemental Reply Memorandum,
     even if combined with the Reply Brief previously filed, does not exceed the allowable page limit for
28   a reply, much less one which is the first paper filed on his behalf alone and not for multiple
     Defendants,

::ODMA\PCDOCS\PCDOCS\281581\1

1   Strasburg to  transfer ownership of the Vessel to Defendant Yacht Club, LLC by entering into a

2   written contractual Operating Agreement.

3           "In the present case Plaintiff alleges Defendant Blair (on behalf of
            himself and all other defendants [which is an allegation not made in
4           the Complaint] made specific representations to Plaintiff Greg
            Strasburg with the purpose of inducing Plaintiff to transfer ownership
5           of Plaintiff's Vessel to Defendant Yacht Club, LLC.  Plaintiff entered
            into a written contractual "Operating Agreement" with Defendants as a
6           direct result of the false representations. . . Specifically, the Complaint
            alleges that Defendant Blair made numerous false statements to induce
7           (set forth in the Complaint with particularity) to Plaintiff Strasburg to
            have him enter into the Operating Agreement."

8

9   Opposition Brief, page 2, lines 9-15.

10          However, the actual transactional documents underlying these transactions -- that is, the

11  Operating Agreement itself and the documentation concerning Singleton's loan transaction -- show

12  that Singleton's involvement in the loan transaction -- his only involvement alleged in the Complaint

13  -- was over one year after Strasburg entered into the Operating Agreement.  Therefore, Plaintiffs

14  would have no probable cause to amend to allege that Singleton was part of any fraud to induce

15  Strasburg to enter into the Operating Agreement.

16          Defendant Singleton may present to the Court  these transactional documents because

17  Plaintiffs rely on those transactions and have failed to provide them to the Court. [2]  Accordingly the

18  Operating Agreement (dated January 18, 2006) is attached hereto as Exhibit 1 and the

19  documentation of Defendant Singleton's loan (which is in the form of an Amendment to the

20  Operating Agreement and which is dated over one year later, January 25, 2007) is attached hereto as

21  Exhibit 2.  It is Exhibit 6 to the Operating Agreement (Exhibit 1 hereto) that sets out Plaintiff

22  Strasburg's duty to transfer to Defendant Yacht Club, LLC "all right, title and interest in the yacht

23  known as "JUST A NOTION".  However, that Operating Agreement was executed more than a year

24

25

26  [2]  Plaintiff is not required to attach to the complaint the documents on which the complaint is based
    **but the defendant may attach the referenced documents to a Rule 12(b)(6) motion to show that**
27  **they do not support plaintiff's claim.**  *Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d
    1271, 1281, fn. 16 (emphasis added).  The Ninth Circuit calls this practice the incorporation by
28  reference doctrine.  *Id.*  This prevents a plaintiff with a legally deficient claim from surviving a
    motion to dismiss simply by failing to attach a dispositive document on which it relied.  *Pension
    Benefit Guaranty Corp. v. White Consolidated Industries, Inc.* (3rd Cir. 1993) 998 F.2d 1192, 1196.

::ODMA\PCDOCS\PCDOCS\281581\1

1  before Defendant Singleton's involvement in the transactions which are the subject of the

2  Complaint.

3

4

5                                              **II.**

6  **THE COMPLAINT ALLEGES NEITHER ANY STATEMENTS BY SINGLETON NOR**
   **ANY THEORY UNDER WHICH SINGLETON COULD BE LIABLE FOR ANY**
7  **STATEMENTS MADE BY ANY OTHER DEFENDANT**

8          A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) when the

9  factual allegations do not raise the "right of relief above the speculative level." *Bell Atlantic v.*

10 *Twombly* (2007) 127 S.Ct. 1955, 1965.   For fraud allegations, plaintiffs must particularly state the

11 circumstances and facts which are the basis for any fraud cause of action.  FRCP Rule 9(b).  "We

12 have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of

13 the false representations as well as the identities of the parties to the misrepresentation."  *Schreiber*

14 *Distributing Co. v. Serv-Well Furniture Co., Inc.* (9th Cir. 1986) 806 F.2d 1393, 1401.

15         The Complaint states only allegations regarding statements of Defendant Blair, not

16 Defendant Singleton.  Rule 9(b) does not allow a complaint to merely lump multiple defendants

17 together but "require[s] plaintiffs to differentiate their allegations when suing more than one

18 defendant ... and inform each defendant separately of the allegations surrounding his alleged

19 participation in the fraud." *Swartz v. KPMG LLP*   (9th Cir. 2007) 476 F.3d 756, 764-65. "[T]he

20 plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent

21 scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.* (9th Cir.1989) 885 F.2d 531, 541).

22 The Complaint does not.  Nor does it include any allegation of any agency or conspiracy relationship

23 between Defendant Blair and Defendant Singleton.

24                                             **III.**

25 **PLAINTIFFS MAY NOT SUPPLEMENT THE ALLEGATIONS IN THEIR COMPLAINT**
   **WITH CONCLUSORY ALLEGATIONS OF AGENCY OR CONSPIRACY IN THEIR**
26 **OPPOSITION TO THE MOTION TO DISMISS.**

27
          Plaintiffs' Opposition to the Motion to Dismiss states the conclusory allegations the
28
   statements alleged in the Complaint to have been made by Defendant Blair were made on behalf of

                                          - 3 -

1    Defendant Singleton. Opp. fn 1. Plaintiffs' tactics are unavailing for two reasons. First, Plaintiff

2    may not defeat a motion to dismiss under FRCP 12(b)(6) with contentions in their Opposition to that

3    motion. Facts argued in briefs cannot be considered. *Arpin v. Santa Clara Valley Transportation*

4    *Agency* (9th Cir. 2001) 261 F.3d 912, 925. Second, even if Plaintiffs could "append" to their

5    Complaint allegations found only in their Opposition, the mere conclusory allegation that "it is

6    believed" that the statements made by Defendant Blair "were made on behalf of all Defendants"

7    (Opp. fn. 1) is insufficient to satisfy the particularity requirement of FRCP Rule 9(b).

8       A motion to dismiss can be used when the plaintiff has stated the claim in vague, conclusory

9    terms without setting forth one or more key elements. "When a plaintiff alleges that a defendant is

10    liable for intentional misrepresentation under either an agency or civil conspiracy theory, Rule 9(b)

11    requires that the plaintiff allege with particularity facts that support the existence of an agency

12    relationship or civil conspiracy." *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764-65.

13       Although the Court is required to assume all facts alleged are true for purposes of ruling on

14    the motion to dismiss, legal conclusions need not be taken as true merely because they are cast in the

15    form of factual allegations. *Robertson v. Corrothers* (9th Cir. 1981) 812 F.2d 1173, 1177. "Nor is

16    the court required to accept as true allegations that are merely conclusory, unwarranted deductions of

17    fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir.2001) 266 F.3d 979,

18    988, amended by 275 F.3d 1187 (9th Cir.2001. Neither the Complaint nor the Opposition alleges

19    any facts regarding an agency or conspiracy relationship involving Defendant Singleton.

20       To allege an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent

21    holds power to alter legal relations between principal and third persons and between principal and

22    himself; (2) that the agent is a fiduciary with respect to matters within scope of agency; and (3) that

23    the principal has right to control conduct of agent with respect to matters entrusted to him. *Garlock*

24    *Sealing Technologies LLC v. NAK Sealing Technologies, Corp.* (2007) 148 Cal.App.4th 937, 965.

25    The Complaint contains no such allegations against Singleton.

26       Similarly, to allege a civil conspiracy, a plaintiff must allege: "(1) the formation and

27    operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage

28    resulting from such act or acts ." *Cellular Plus, Inc. v. Superior Court* (1993) 14 Cal.App. 4th 1224,

::ODMA\PCDOCS\PCDOCS\281581\1

1236. "To allege the formation and operation of the conspiracy, the plaintiff must allege an

agreement to commit the wrongful acts." *Wasco Products, Inc. v. Southwall Tech., Inc.* (9th Cir.

2006) 435 F.3d 989, 992. Again. the Complaint contains no such allegations against Singleton.

For example, in a recently decided case, this Court reviewed allegations in a complaint

alleging agency and conspiracy as the basis for a fraud cause of action and found the allegations

insufficient to support the causes of action plead. *Palomares v. Bear Stearns Residential Mortg.*

*Corp.* (S.D.Cal., 2008) 2008 WL 686683. The complaint in that case stated, "...every Defendant

was an agent and/or employee of each and every other Defendant," and "[e]ach and every Defendant

was acting within the course and scope of this agency or employment with the consent, permission,

and authorization of the remaining Defendants, or otherwise acting with apparent authority." *Id.* The

complaint in *Palomares* also alleged "there existed a civil conspiracy between Defendants, and each

of them, the object of which was to reap substantial profits by targeting Plaintiffs, and those

similarly situated," and that there was "a common plan or design" to defraud the plaintiffs. *Id.* This

Court found those conclusory allegations insufficient to satisfy the pleading burden Rule 9(b)

imposes upon plaintiffs. Plaintiffs have not even undertaken to plead, either in their Complaint or

their Opposition, the conclusory allegation present in *Palomares*, which themselves were legally

insufficient.

For all of these reasons, the Court should grant Singleton's Motion to Dismiss.

**IV.**

**THE COURT SHOULD NOT PERMIT PLAINTIFFS LEAVE TO AMEND BECAUSE PLAINTIFFS HAVE NO PROBABLE CAUSE TO ALLEGE THAT SINGLETON PARTICIPATED IN ANY FRAUD TO INDUCE STRASBURG TO ENTER INTO THE OPERATING AGREEMENT.**

Leave to amend may be denied only if the court determines that allegations of other facts

consistent with the challenged pleading could not possibly cure the defect. *Schreiber Distributing*

*Co. v. Serv-Well Furniture Co., Inc.* (9th Cir. 1986) 806 F2d 1393, 1401. Here, as stated in Section I

above, the underlying documents of the transactions Plaintiffs refer to in their Complaint and

Opposition show that Plaintiffs would lack any probable cause to amend to allege that Singleton

participated in any fraud to induce Plaintiff Strasburg to sign the Operating Agreement and thereby

::ODMA\PCDOCS\PCDOCS\281581\1

1   to agree to transfer his interest in the Vessel to Defendant Yacht Club, LLC. Simply put, there is no

2   evidence that Singleton was involved in any transactions involving Plaintiffs or the Vessel until

3   more than one year after Plaintiff signed the Operating Agreement.

4        To decide a motion to dismiss, courts generally consider only the allegations contained in the

5   complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guaranty*

6   *Corp. v. White Consolidated Industries, Inc.* (3rd Cir. 1993) 998 F.2d 1192, 1196. Plaintiff is not

7   required to attach to the complaint the documents on which the complaint is based but the defendant

8   may attach the referenced documents to a Rule 12(b)(6) motion to show that they do not support

9   plaintiff's claim. *Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16

10  (emphasis added). The Ninth Circuit calls this practice the incorporation by reference doctrine. *Id.*

11  This prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by

12  failing to attach a dispositive document on which it relied. *Pension Benefit Guaranty Corp. v. White*

13  *Consolidated Industries, Inc.* (3rd Cir. 1993) 998 F.2d 1192, 1196.

14       Therefore, under this doctrine, Singleton is permitted to submit to this Court the documents

15  underlying the transactions alleged by Plaintiffs: the Operating Agreement Strasburg was allegedly

16  tricked by Defendant Blair into executing (referred to in Plaintiffs' Opposition at 2 lines 9 - 15) and

17  the documents evidencing the loan made by Singleton (referred to in the Complaint ¶ 11). Those are

18  submitted herewith as, respectively, Exhibits 1 and 2. The Court can consider these documents

19  when deciding the Motion to Dismiss.

20       The Operating Agreement (Ex. 1) establishes that Singleton is not a party to that Agreement.

21  Thus, Plaintiffs' contention that they "will demonstrate Defendants violated their obligations under

22  the contractual Operating Agreement" (Opposition Brief, page 2:26-3:1) would be unavailing

23  against Singleton even if Plaintiffs were to add it to an amended complaint. Similarly, the Loan

24  transaction, documented as an Addendum to the Operating Agreement, is signed by Singleton only

25  as Lender. He had no obligations thereunder other than to lend money to the LLC. Plaintiffs have

26  no probable cause to allege that he did not. Finally, because the Loan transaction was entered into

27  on January 25, 2007, more than a full year after Strasburg entered into the Operating Agreement on

28  January 18, 2006, Plaintiffs would have no probable cause to amend to allege that Singleton

::ODMA\PCDOCS\PCDOCS\281581\1

1  participated in any fraudulent representations or omissions to induce Plaintiff Strasburg to sign the

2  Operating Agreement and obligate himself to transfer the Vessel to the LLC.

3       For all of these reasons, there should be no leave to amend.

4  ## III

5  ## CONCLUSION

6       In sum, the Complaint contains no allegation of any statement by or on behalf of Defendant

7  Singleton to Plaintiffs.  It contains no allegation of any conspiracy or agency relationship between

8  Defendant Singleton and Defendant Blair.  For this reason the Defendant Singleton's Motion to

9  Dismiss the Fraud Claims should be granted.

10       Moreover, the documentation of the transactions referred to in Plaintiff's Complaint and in

11  their Opposition, which Plaintiff artfully elected not to provide to the Court but which Defendant

12  Singleton has provided herewith, illustrate that Plaintiff would have no probable cause to allege with

13  particularity in any amended complaint that  Defendant Singleton had any connection to Plaintiff's

14  decision to execute the Operating Agreement and/or to incur the obligation to transfer the Vessel to

15  the Defendant LLC.  In fact, the evidence is that Defendant Singleton was not a member of the LLC,

16  but became a mere lender thereto over one year after the LLC was formed and after Plaintiff

17  Strasburg signed the Operating Agreement which created his obligation to transfer the Vessel to the

18  LLC.

19       Accordingly, Defendant Singleton's motion to dismiss should be granted without leave to

20  amend.

21  Dated: March 21, 2008                SULLIVAN HILL LEWIN REZ & ENGEL
                                   A Professional Law Corporation

22

23                             By:    */s/ David B. Hopkins*

24                                 David B. Hopkins
                               Attorney for Defendant Jim Singleton
                               hopkins@shlaw.com

25

26

27

28

::ODMA\PCDOCS\PCDOCS\281581\1

1      **UNITED STATES DISTRICT COURT**

2      **SOUTHERN DISTRICT OF CALIFORNIA**

3    GREGORY A. STRASBURG, Individually        )    Case No. 08 CV 0021 JLS (BLM)
     and as Trustee of the GREGORY A.          )
4    STRASBURG REVOCABLE TRUST dated           )    Judge:  Hon.
     4/8/2003,                                 )
5                                              )    **CERTIFICATE OF SERVICE**
                    Plaintiff,                 )
6                                              )
                                               )
7                    v.                        )
                                               )
8    M/Y JUST A NOTION, Official Number        )    Date:      March 28, 2008
     1089525, her engines, tackle, furniture and )  Time:      10:30 a.m.
9    appurtenances, in rem; PETER BLAIR, in    )    Judge:     Hon. Janis L. Sammartino
     personam; JIM SINGLETON, in personam;     )    Dept.:     Courtroom 6
     and THE YACHT CLUB, LLC, a Nevada         )
10   Corporation,                              )    Mag. Judge:  Hon. Barbara Lynn Major
                                               )
11                 Defendants.                 )    Complaint Filed:   January 3, 2008
                                               )

12

13          IT IS HEREBY CERTIFIED THAT:

14          I, Marnie Cruz, am over the age of 18 years.  My business address is 550 West C Street, San

15   Diego, California 92101.

16          I am not a party to the above-captioned action.  I have caused service of the following

17   documents:

18          1.     **DEFENDANT SINGLETON'S SUPPLEMENTAL REPLY
                   MEMORANDUM TO MOTION TO DISMISS THE SECOND, THIRD,**
19                 **FOURTH AND FIFTH CAUSES OF ACTION FOR FAILURE TO STATE A
                   CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B)(6), OR,**
20                 **IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE
                   STATEMENT**
21

22   on the following parties by electronically filing the foregoing with the Clerk of the District Court

23   using its ECF System, which electronically notified them.

24          1.     James W. Alcantara, Esq., Alcantara and Associates, 402 West Broadway, Suite

25   1170 Emerald Plaza, San  Diego, CA 92101-3542, jima@alcantaraassociates.com, Attorneys for

26   Plaintiff Gregory A. Strasburg.

27

28

::ODMA\PCDOCS\PCDOCS\281707\1

1     2.     Douglas M. Field, Esq., McDonnell and Associates, 2040 Harbor Drive, Suite

2  202, San Diego, CA 92101, dfield@mrlawgroup.com, Attorneys for Defendants M/Y Just a

3  Notion; Peter Blair and The Yacht Club, LLC.

4     I hereby certify that I have also caused the foregoing documents, to be mailed by the

5  United States Postal Service, First Class Mail to the following:

6     1.     James W. Alcantara, Esq., Alcantara and Associates, 402 West Broadway, Suite

7  1170 Emerald Plaza, San Diego, CA 92101-3542, jima@alcantaraassociates.com, Attorneys for

8  Plaintiff Gregory A. Strasburg.

9     2.     Douglas M. Field, Esq., and Michael A. McDonnell, McDonnell and Associates,

10  2040 Harbor Drive, Suite 202, San Diego, CA 92101, dfield@mrlawgroup.com, Attorneys for

11  Defendants M/Y Just a Notion; Peter Blair and The Yacht Club, LLC.

12     I declare under penalty of perjury that the foregoing is true and correct.

13     Executed on March 21, 2008 at San Diego, California.

14

15                            *s/s Marnie Cruz*
                                 Marnie Cruz