# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST dated 4/8/2003,<br><br>Plaintiff,<br>v.<br><br>M/Y JUST A NOTION, Official Number 1089525, her engines, tackle, furniture, and appurtenances, in rem; PETER BLAIR; JIM SINGLETON; and THE YACHT CLUB, LLC,<br>Defendants. | CASE NO. 08-CV-21-JLS (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(Doc. No. 17) |

Presently before the Court is Peter Blair's, Jim Singleton's, and The Yacht Club, LLC's (collectively, "defendants") motion to dismiss the second, third, fourth, and fifth causes of action of Gregory A. Strasburg's ("plaintiff") complaint. [Doc. Nos. 1 & 17.] For the reasons stated below, the Court grants defendants' motion. With respect to all dismissed causes of action, the Court grants leave to amend.

## BACKGROUND

**A.   Factual Background**

At all times, plaintiff claims that he was the lawful and registered owner of M/Y JUST A NOTION ("Vessel"). [Compl. ¶ 2.] Prior to February 2007, defendant Peter Blair approached

plaintiff to discuss transferring title of the Vessel to The Yacht Club, LLC ("Club"). [Id. ¶ 9.] Sometime around February 2007, plaintiff and Blair executed a bill of sale and other legal documents to effect the transfer. [Id.] Pursuant to the transfer documents, Blair agreed to refurbish and market the Vessel after title transferred. The purpose of refurbishing and marketing the Vessel was the eventual sale of fractional ownership interests in the Vessel for plaintiff's benefit. [Id. ¶ 21.]

Plaintiff claims that Blair made "numerous untrue statements pertaining to . . . his plan to market the vessel for the benefit of Plaintiff." [Id. ¶ 22.] Plaintiff alleges that Blair stated there was no "downside" in his plan when, in reality, Blair never intended to market or manage the Vessel for plaintiff. [Id. ¶ 36.] Further, Blair was financially incapable of performing the terms of the agreement. [Id.] Blair "had no reasonable ground for believing [his statements] to be true . . . [and he] failed entirely to take any steps toward fulfilling the promises made." [Id. ¶ 28.] Finally, plaintiff alleges that Blair's actual intent was the diversion of the money invested in marketing and refurbishment for his own use. [Id.]

Due to a transfer prohibition in plaintiff's original loan document,[1] legal title never transferred to the Club. [Id. ¶ 9.] Nonetheless, Blair took possession of the Vessel. [Id. ¶ 10.] On December 20, 2007, plaintiff boarded the Vessel with the intent to retake possession. [Id. ¶ 18.] After refusing to give plaintiff the keys, Blair called the police and claimed that plaintiff was stealing the Vessel. [Id.] Once the police arrived, defendants Blair and Singleton each represented themselves to be the respective owner of the Vessel. [Id.]

**B.    Procedural Background**

On January 3, 2008, plaintiff filed a complaint in the United States District Court for the Southern District of California. [Doc. No. 1.] The complaint alleged nine causes of action, with the following four causes of action sounding in fraud: (1) intentional misrepresentation; (2) negligent misrepresentation of fact; (3) suppression of material fact; and (4) promise without

---

[1] The purchase loan document between plaintiff and the original loan provider prohibited transfer of the Vessel to any third party. [Compl. ¶ 9.]

- 2 -                                              08cv0021

intention to perform. These are the second, third, fourth, and fifth causes of action ("fraud actions"), respectively.[2]

On February 1, 2008, defendants filed a motion to dismiss plaintiff's fraud actions for failure to state a claim pursuant to Rule 12(b)(6) and Rule 9(b). [Doc. No. 17.] Plaintiff filed an opposition on March 14, 2008. [Doc. No. 24.] On March 18, 2008, defendants replied to plaintiff's opposition. [Doc. No. 26.] On March 21, 2008, defendant Singleton filed a supplemental reply.[3] [Doc. No. 29.]

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) alleges that the plaintiff's complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974 (2007). Dismissal is appropriate when the complaint either lacks a cognizable legal theory or fails to plead facts essential to a cognizable legal theory. Zamani v. Carnes, 491 F.3d 990, 996-97 (9th Cir. 2007).

In determining whether a complaint can withstand a Rule 12(b)(6) dismissal, "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true," as well as any reasonable inferences drawn from them. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000) (citation omitted); accord Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). However, a court is not required to credit

---

[2] All remaining causes of action are not affected by the Court's dismissal of the fraud actions.

[3] Attorneys from the law firm of McDonnell and Associates originally entered an appearance on behalf of all defendants. On March 21, 2008, the Court approved the substitution of David Hopkins of Sullivan, Hill, Lewin, Rez & Engel as counsel of record for defendant Singleton. (Doc. No. 28.) The Court orally granted McDonnell and Associates' motion to withdraw as counsel at the May 16, 2008 hearing. (The Court confirmed that withdrawal by written Order dated June 11, 2008. (Doc. No. 35.)) Six days after the Court's deadline, James C. Mitchell of Mitchell & Gilleon entered a notice of appearance for Mr. Blair and The Yacht Club, LLC.

"conclusory allegations of law and unwarranted inferences[.]" Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 820 (9th Cir. 2002) (internal citation and quotations omitted).

"In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Plaintiffs alleging state-law fraud in federal court must plead the elements of that fraud with particularity. See Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996). The allegations must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not merely deny that they have done anything wrong.'" United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051-52 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)). Plaintiffs must provide particular facts concerning "time, place, persons, statements made, [and explain] why or how such statements are false or misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994) (en banc).[4] Failure to plead fraud with sufficient particularity is grounds for dismissing the complaint under Rule 9(b). Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001).

## DISCUSSION

**A.    Intentional Misrepresentation**

Defendants argue that plaintiff's second claim for intentional misrepresentation failed to plead fraud with sufficient particularity. The Court agrees.

Under California law, a fraud cause of action requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with the intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; and (4) resulting damages. Wilkins v. NBC, 71 Cal. App. 4th 1066, 1081 (Cal. Ct. App. 1999).

Here, plaintiff fails to plead fraud with sufficient particularity. Plaintiff's general allegation that defendants made "untrue statements" fails to specify the time and place, and does

---

[4] In re GlenFed was superseded by statute on other grounds as stated by In re Calpine Corp. Sec. Litig., 299 F. Supp. 2d 1054, 1074-75 (N.D. Cal. 2003).

not explain how such statements are false or misleading. Plaintiff fails to allege with particularity (1) the untrue statements; (2) where the untrue statements were made; (3) how the defendants knew the statements were false when made; and (4) why the statements are false. Plaintiff's allegations fail to state any facts that would allow the defendants to defend against the charge or provide a possible explanation. Defendants can only deny they have done anything wrong.

Consequently, the Court dismisses the second cause of action for intentional misrepresentation.

**B.  Negligent Misrepresentation**

Next, defendants argue that plaintiff's third cause of action for negligent misrepresentation should be dismissed under Rule 9(b). The Court agrees.

Under California law, negligent misrepresentation constitutes actionable fraud. <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 407-08 (Cal. 1992); <u>see</u> Cal. Civ. Code § 1572(2). Negligent misrepresentation claims "must meet the heightened pleading requirements of Rule 9(b)." <u>Glen Holly Entm't, Inc. v. Tektronix, Inc.</u>, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). A claim for negligent misrepresentation requires "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." <u>Jackson Inc. v. Roe</u>, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001) (citations omitted); <u>see</u> Cal. Civ. Code §§ 1572(2) & 1710(2).

In the case at hand, plaintiff's complaint fails to plead fraud with particularity. Plaintiff alleges that Blair "had no reasonable ground for believing [his statements] to be true . . . [and he] failed entirely to take any steps toward fulfilling the promises made" [Compl. ¶ 28.] As with the second cause of action, plaintiff fails to allege (1) what untrue statements were made; (2) when the statements were made; (3) how those statements were untrue; (4) how defendants intended to induce plaintiff to rely on the representations; or (5) why plaintiff justifiably relied on the representations. Moreover, plaintiff fails to plead facts establishing that defendants had no

1 reasonable ground to believe their statements were true. Therefore, the allegations are
2 insufficient to allow the defendants to defend against the charge.
3 Accordingly, the Court dismisses the third cause of action for negligent
4 misrepresentation.

**C.    Suppression of Material Fact and Failure to Disclose**

Defendants argue that plaintiff's fourth cause of action for suppression of a material fact and failure to disclose information should be dismissed for failure to plead fraud with particularity. The Court agrees.

"The suppression of a fact, by one who is bound to disclose it, . . . likely to mislead for want of communication of that fact" constitutes actionable fraud. Shamsian v. Atlantic Richfield Co., 107 Cal. App. 4th 967, 984 (Cal. Ct. App. 2003); see Cal. Civ. Code §§ 1572(3) & 1701(3). Mere failure to disclose facts that are known to one party but not the other does not, on its own, constitute actionable fraud in the absence of a duty to disclose. La Jolla Vill. Homeowners' Ass'n, Inc. v. Superior Court, 212 Cal. App. 3d 1131, 1151 (Cal. Ct. App.1989).

In the present case, plaintiff's fourth cause of action does not meet Rule 9(b)'s heightened pleading requirement. Plaintiff alleges that Blair suppressed and failed to disclose material facts when he agreed to "form a corporation to purchase the defendant Vessel . . . [and utilize the Vessel] as a fractional ownership property for the financial benefit of, among others, the Plaintiff." Similar to the other fraud claims, this cause of action fails to allege what material facts the defendants suppressed. Moreover, plaintiff's complaint does not allege when, how, and where the facts were suppressed, nor the manner in which defendants intended to mislead the plaintiff by not disclosing the facts. The allegations are not specific enough to give defendants notice of the fraud claim against them. Besides these deficiencies, plaintiff's claim for failure to disclose information does not allege that defendants owed plaintiff a duty to disclose the material facts at issue.

Accordingly, the Court dismisses plaintiff's fourth cause of action for suppression of material fact and failure to disclose information.

//

**D.     Promise Without Intention to Perform**

Finally, defendants argue that plaintiff's fifth cause of action for promise without intention to perform should be dismissed for failure to plead fraud with particularity. The Court agrees.

Although failure to perform a contract does not constitute fraud, a promise made without an intention to perform is actionable fraud. See Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 367 (Cal. 1997). Fraudulent intent cannot be proven, however, by simply pointing to the defendant's subsequent failure to perform as promised. Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30 (Cal. 1985). The plaintiff must produce evidence of the promissor's intent to mislead him. Id. at 30-31.

Here, plaintiff fails to plead fraud with sufficient particularity. Plaintiff alleges that Blair promised to market and manage the Vessel and claimed there was no "downside" to his plan. [Compl. ¶ 36.] Additionally, plaintiff alleges that Blair "neither intended to perform on his promise of marketing or managing the Vessel for the benefit of Plaintiff . . . and was in fact financially incapable of performing." [Id.] Plaintiff claims that defendant Blair intended to use the money invested for marketing and managing the Vessel for his own purposes. [Id.] These bare allegations fail to explain the time, place, and manner of the defendants' knowingly false representations.

Other than the contract's nonperformance, plaintiff does not provide facts establishing that the defendants did not intend to perform under the contract nor whether the defendants were financially incapable of performing. Based on the present allegations, defendants may have intended to perform their obligations until they discovered that legal title could not be transferred to the Club. However, this does not necessarily evidence fraud in the promise to perform. Moreover, plaintiff fails to plead facts establishing justifiable reliance. Specifically, plaintiff fails to plead facts explaining how an investor justifiably hands over hundreds of thousands of dollars and a multi-million dollar yacht based on a single statement that the plan has no "downside." Therefore, plaintiff fails to allege specific facts concerning the time, place, and statements made, or explain how those statements are false.

1  Consequently, the Court dismisses plaintiff's fifth cause of action for promise without
2  intention to perform.

3  **E.    Leave to Amend**

4  Defendant Singleton argues that, as to him, plaintiff's fraud actions should be dismissed
5  without leave to amend. Singleton claims that his only involvement with plaintiff was as a
6  lender to the The Yacht Club, LLC, which plaintiff and Blair established to market and sell the
7  Vessel. [Supp. Reply at 7.] Further, Singleton alleges that he cannot be liable for fraud
8  concerning the contract between plaintiff and Blair because he was neither a party to the contract
9  nor involved with the plaintiff until he loaned money to the Club a year later. [Id. at 2-3.]
10 Therefore, Singleton asserts that plaintiff cannot allege facts to cure this defect. [Id. at 5.]

11 "If a complaint is dismissed for failure to state a claim, leave to amend should be granted
12 unless the court determines that the allegation of other facts consistent with the challenged
13 pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture
14 Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986); Bly-Magee v. California, 236 F.3d 1014, 1019
15 (9th Cir. 2001). The policy behind Federal Rule of Civil Procedure 15 is to freely allow
16 amendments freely unless the rights of the adverse party would be unduly prejudiced. Foman v.
17 Davis, 371 U.S. 178, 182 (1962).

18 Here, the plaintiff could allege additional facts consistent with the pleading to cure the
19 deficiencies. Plaintiff may plead additional facts establishing that defendant Singleton
20 participated in the alleged fraud at the time the parties entered the contract. Failing to be a
21 named party to the contract does not necessarily mean that plaintiff is unable to establish
22 Singleton's involvement in the alleged fraud. Therefore, the Court grants plaintiff leave to
23 amend the dismissed causes of action with respect to all defendants.

24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** defendants' motion to dismiss the second, third, fourth, and fifth causes of action, pursuant to Rule 12(b)(6) and Rule 9(b). The Court **GRANTS** plaintiff leave to amend the dismissed causes of action. If plaintiff wishes to file an amended complaint, plaintiff **SHALL FILE** that complaint within thirty (30) days of the date this Order is electronically filed.

IT IS SO ORDERED.

DATED: August 18, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge