1
JAMES W. ALCANTARA - State Bar No.: 152747
Alcantara & Associates, APC
2
402 West Broadway, Suite 1170
San Diego, California 92101
3
Telephone:    (619) 233-5900
Facsimile:    (619) 233-5999
4
Email:          jima@alcantaraassociates.com

5
Attorneys for Plaintiff Gregory A. Strasburg,
Individually and as Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003
6

7

8
UNITED STATES DISTRICT COURT

9
SOUTHERN DISTRICT OF CALIFORNIA

10
GREGORY A. STRASBURG, Individually
and as Trustee of the GREGORY A.
11
STRASBURG REVOCABLE TRUST dated
4/8/2003
12
                    Plaintiff,
13
v.
14
M/Y JUST A NOTION, Official Number
15
1089525, her engines, tackle, furniture and
appurtenances, *in rem*; PETER BLAIR, *in*
16
*personam*; JIM SINGLETON, *in personam*;
and THE YACHT CLUB, LLC., a Nevada
17
Corporation
18
                    Defendants.
19

) CASE NO. 08 CV 0021 JLS (BLM)
)
)
)
)
)
) IN ADMIRALTY
)
) FIRST AMENDED COMPLAINT FOR
) VESSEL ARREST AND DAMAGES
)
)
)
)
)
) Federal Rules of Civil Procedure
) Supplemental Rules for Certain
) Admiralty and Maritime Claims,
) Rules C and D
)
)

20
        COMES NOW Plaintiff Gregory A. Strasburg, Individually and as Trustee of the Gregory
21
A. Strasburg Revocable Trust dated 4/8/2003 ("Plaintiff") and alleges:
22
                              **JURISDICTION**
23
        1.      This is a case of Admiralty and Maritime Jurisdiction as hereinafter more fully appears,
24
and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of
25
Civil Procedure and Rule "D" of the Supplemental Rules for Certain Admiralty and Maritime
26
Claims, and jurisdiction is based on 28 U.S.C. section 1333(1), and as to state based claims on
27
supplemental jurisdiction under 28 U.S.C. section 1367(a).    Plaintiff brings this action,
28
individually and as Trustee, in his capacity and as the owner of the *M/Y JUST A NOTION*.

-1-

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

**PARTIES**

2.  Plaintiff is an individual and trustee of a Revocable Trust lawfully formed and in full force and effect at all relevant times. At all relevant times, Plaintiff has been the lawful registered Owner of the vessel which is the subject matter of this action and which is described below.

3.  Defendant vessel, *M/Y JUST A NOTION* (the "Vessel"), is a 1999 self-propelled 70-foot motor yacht of fiberglass construction, federally documented by the U.S. Department of Homeland Security through the U.S. Coast Guard Official Number 1089525; she is now within the waters of the Southern District of California and within the jurisdiction of this Court.

4.  Defendant Peter Blair is an individual who, upon information and belief, is a resident of California, County of San Diego.

5.  Defendant The Yacht Club, LLC, based on information and belief, is a foreign (Nevada) corporation created at the direction of Peter Blair and is subject to Corporations Code Section 21151 with its principal place of business (the location of the Vessel) in San Diego County, California.

6.  Defendant Jim Singleton is, based upon information and belief, an individual residing in San Diego, California.

**ALLEGATIONS COMMON TO ALL COUNTS**

7.  Prior to May 2005, Defendant Peter Blair worked for Plaintiff performing boat maintenance on the subject Vessel.  An extensive amount of work was performed over that time period and Defendant Blair was paid a great amount of money.  After a considerable amount of work was completed and Blair was paid thousands of dollars, Plaintiff advised Defendant Blair that he was going to sell the Vessel.  After learning of Plaintiff's intent to sell the Vessel, Defendant Blair approached Plaintiff with the proposition of having ownership of the Vessel transferred to Defendant The Yacht Club, LLC.  The purpose of the transfer was, among other things, purportedly to enable the Vessel to be made available to be marketed and refurbished for multiple charters pursuant to fractional ownership agreements.  Plaintiff knew nothing about the specifics that would be involved in actually having this proposal work.  As a result, Plaintiff engaged the services of an attorney to advise him on the issues raised by Blair's proposal.  A copy of the

-2-

attorney's legal opinion letter dated May 10, 2005 (obtained from Blair's former counsel) is attached hereto as Exhibit "1" for the Court's convenience. The Court will note the opinions set forth in Exhibit "1" clearly reveal that the proposal made by Blair to Plaintiff "would require an enormous expenditure of money, and the outcome is uncertain at best, impossible at worst." (Exhibit "1" Page 4.)  Nevertheless, in or around February 2007, a Bill of Sale and other related documents were executed by Plaintiff in reliance upon specific representations made by Peter Blair more specifically set forth below.  Despite the Bill of Sale and related documents, legal Title to the Vessel was never legally transferred because of a transfer prohibition contained in the purchase loan documentation between Plaintiff and the original Vessel purchase loan provider.  Thus, title to the Vessel has never legally transferred to The Yacht Club, LLC, or any other entity or individual.

8.  After execution of the purported Bill of Sale and related documents, Defendant Peter Blair took physical possession of the Vessel and had her berthed at Kona Kai Marina in San Diego, California. As part of the agreement with Plaintiff, Peter Blair agreed to (among other things) undertake marketing of the vessel so as to sell fractional ownerships pursuant to his representations prior to execution of the Bill of Sale and related documents.  In fact, Plaintiff believes no such marketing was undertaken as promised.

9.  Defendant Jim Singleton allegedly loaned money to and/or purchased shares of The Yacht Club, LLC.  The amount of money purportedly provided by Defendant Singleton is unknown. Defendant Jim Singleton also claims he is now an "owner" of the Vessel.

10.  As set forth more fully below, Plaintiff alleges Defendant Peter Blair fraudulently induced him to enter into the agreement to transfer title of the vessel to Defendant The Yacht Club, Inc. Plaintiff further alleges, Defendant Peter Blair has and continues to attempt to unlawfully take possession and ownership of the Vessel under false pretenses.   As a result, this action is brought.

### FIRST CLAIM – PETITORY ACTION TO ESTABLISH TITLE

### (Against Defendant Vessel)

### Supplemental Admiralty Rules D and E(2)

11.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 10 as though fully set forth herein.

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

-3-

IN ADMIRALTY – FIRST AMENDED COMPLAINT FOR VESSEL ARREST AND DAMAGES

12.  Plaintiff alone at all times has been the only legal holder of official title to the Vessel.

13.  In or about February 2007, Plaintiff was induced into signing a Bill of Sale and other related documents which attempted to put title of the Vessel into the name of The Yacht Club, LLC.  Due to restrictions contained in the purchase loan for the Vessel obtained by Plaintiff, however, title was never transferred.

14.  Since taking possession of the Vessel under false pretenses, Defendant Peter Blair has represented to Plaintiff and others that he is an owner of the vessel.

15.  To Plaintiff's knowledge, nothing has been done by Defendant Peter Blair to further the agreement contemplated by the Bill of Sale and the related documents.  Indeed, on information and belief, Defendant Peter Blair has attempted to sell the vessel outright to unknown parties without the consent of Plaintiff.

16.  Recently, Plaintiff became aware that Peter Blair and others intended to take the vessel from San Diego, CA, to Mexico without the knowledge or consent of Plaintiff.  On December 20, 2007, Plaintiff and his counsel lawfully boarded the Vessel with the intent of taking it to Marina del Rey in order to prevent the Vessel from being taken to Mexico.  After boarding the Vessel, it was discovered the keys to the Vessel were missing.  Plaintiff then called Defendant Peter Blair by telephone and advised him of his intention to take the vessel to Marina del Rey and asked for the keys to the Vessel.  Defendant Peter Blair refused to provide the keys.  Instead, Defendant Peter Blair called the San Diego Harbor Police and claimed Plaintiff was "stealing" the Vessel.  The San Diego Harbor Police were dispatched to the Vessel and Plaintiff and his counsel were questioned.  During this time, Defendant Jim Singleton arrived and represented he was also an owner of the Vessel.

17.  Due to the multiple conflicting and irreconcilable representations of Defendants and Plaintiff claiming ownership in the Vessel, the San Diego Harbor Police instructed the Kona Kai Marina not to allow the Vessel to be moved pending civil resolution.  Thus, this action has been filed so that lawful title and right to possession may be determined by this Court.

///

///

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

-4-

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

**SECOND CLAIM – Fraud By Intentional Misrepresentation of Fact**

**(Against Defendant Peter Blair Only)**

**[C.C. Section 1710(1)]**

18.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 as though fully set forth herein.

19.  After receiving Exhibit "1" referenced above Plaintiff expressed his concern to Defendant Blair that his proposal did not seem feasible.  In response, Blair orally represented to Plaintiff that he would "Take care of everything" and "Don't worry about what the lawyer said" and "I have done this before and I know how to make it work" and "Everything will be fine".  In addition, Blair stated "I already have investors that are interested in buying fractional shares".  On or about January 18, 2006, Blair drafted an Operating Agreement for The Yacht Club, LLC.  A true and correct copy of the Operating Agreement is attached hereto as Exhibit "2".  In the Operating agreement, Blair's numerous obligations to Plaintiff and others are outlined.  Notably, in Paragraphs 6.1 through 6.4 Blair represents he will keep complete accounting records of the company, file necessary tax returns, maintain financial statements of the company and provide each Member access and/or copies to the financial records of the company.  Plaintiff alleges Blair did not comply with these requirements nor did he intend to do so.  Plaintiff never received any of the accounting records or tax returns of the company.

20.  The above statements, both oral and written, were made by Blair in order to induce Plaintiff to transfer ownership of his vessel to The Yacht Club, LLC.  The above statements were not true, and as outlined in Exhibit "1" could not have been true.

21.  All of these representations were at the time Defendant Blair made them, false.

22.  The true facts were that Defendant Blair attempted to dupe Plaintiff into transferring title to the Vessel to the "shell" Nevada Corporation The Yacht Club, LLC, so that Defendant Blair could then sell the Vessel with apparent authority and without the knowledge or consent of Plaintiff.

23.  Plaintiff, at the time these representations were made by Defendant Blair, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of defendant Blair's

representations and he reasonably believed them to be true. In reliance on these representations, Plaintiff was induced to and did invest hundreds of thousands of dollars as well as the Vessel itself which is valued in the millions.  Had Plaintiff known the truth, he would not have entered into any arrangement with Defendant Blair. Plaintiff's reliance on defendant's representations was justified because Defendant represented to have extensive experience in the marketing and management of timeshare vessels.

24.  As a proximate result of the fraudulent conduct of Defendant Blair as herein alleged, Plaintiff was induced to sign a Bill of Sale and other related documents purportedly transferring ownership of the Vessel to Defendant The Yacht Club, LLC.  As a result, Plaintiff has been damaged in the sum yet to be determined, plus costs of suit, attorney fees, punitive and other recoverable damages.

25.  The aforementioned conduct of Defendant Blair included but was not limited to intentional misrepresentations, deceit, and concealment of a material facts known to him with the intention on the part of Defendant Blair of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, in addition damages in a sum to be determined.

**THIRD CLAIM – Fraud By Negligent Misrepresentation of Fact**

**(Against Defendant Peter Blair Only)**

**[C.C. Section 1710(2)]**

26.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 as though fully set forth herein.

27.  When Defendant Blair made the above referenced representations, he had no reasonable ground for believing them to be true in that he subsequently failed entirely to take any steps toward fulfilling the promises made to Plaintiff.

28.  Defendant made these representations with the intent to induce Plaintiff to act in reliance on these representations in the manner hereinabove alleged, or with the expectation that Plaintiff would so act.

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

-6-

IN ADMIRALTY – FIRST AMENDED COMPLAINT FOR VESSEL ARREST AND DAMAGES

29.  As a result of such negligent misrepresentations, Plaintiff has been damaged in a sum according to proof.

### FOURTH CLAIM – Fraud By Suppression of Material Fact

### (Against Defendant Peter Blair Only)

### (C.C.P. Section 1710(3))

30.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 and 27 through 29 as though fully set forth herein.

31.  In and before February of 2007 Defendant Blair represented that he would form a corporation to purchase the defendant Vessel, and that the Vessel would be utilized as a fractional ownership property for the financial benefit of, among others, the Plaintiff.

32.  The false representations and failures to disclose information and suppressions of information herein alleged to have been made by Defendant Blair were made with the intent to induce Plaintiff to act in the manner hereinabove alleged in reliance thereon.  Plaintiff, at the time these failures to disclose and suppressions of facts occurred, and at the time Plaintiff took the actions herein alleged, was ignorant of the existence of the facts which defendant suppressed and failed to disclose.  If Plaintiff had been aware of the existence of the facts not disclosed by defendant, Plaintiff would not have, as he did, agree to provide the Vessel or any monies toward the purported venture involving The Yacht Club, LLC.

33.  As a result of such fraud by way of suppression of material fact, Plaintiff has been damaged in a sum according to proof.

### FIFTH CLAIM – Fraud By Promise Without Intention to Perform

### (Against Defendant Peter Blair Only)

### (C.C. Section 1710(4))

34.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 and 27 through 29 and 31 through 33 as though fully set forth herein.

35.  In and before February of 2007, Defendant Blair promised that he would oversee the

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

IN ADMIRALTY – FIRST AMENDED COMPLAINT FOR VESSEL ARREST AND DAMAGES

marketing and management of defendant Vessel, and that there was no "downside" in his plan, when in fact Defendant Blair neither intended to perform on his promise of marketing or managing the Vessel for the benefit of Plaintiff. At the time defendant Blair made the promises to Plaintiff, defendant had no intention of performing it and was in fact financially incapable of performing. The promise was made by defendant with the intent to induce Plaintiff and perhaps others to loan hundreds of thousands of dollars to Defendant Blair and/or Defendant The Yacht Club, LLC for the ostensible and understood purpose of marketing and refurbishing the defendant Vessel, while Defendant Blair's actual intent was to overstate the marketing refurbishment costs and divert monies earmarked for such marketing refurbishment for his own uses and purposes.

36. Plaintiff, at the time these promises were made and at the time Plaintiff took the actions herein alleged, was ignorant of Defendant Blair's secret intention not to perform, and Plaintiff could not have in the exercise of reasonable diligence discovered defendant Blair's secret intention. In reliance on the promises of Defendant Blair, Plaintiff attempted to transfer the Vessel and in fact transferred substantial funds for the purpose of marketing and refurbishment of the defendant Vessel. If Plaintiff had known of the actual intention of Defendant Blair, Plaintiff would not have taken such action. Defendant Blair has failed to perform on his promise to oversee the marketing and refurbishment of the Vessel, and to operate The Yacht Club, LLC in a lawful and responsible manner.

37. As a result of such fraud by way of promise without intention to perform, Plaintiff has been damaged in a sum according to proof.

**SIXTH CLAIM – BREACH OF FIDUCIARY DUTY**

**(Against Defendant BLAIR)**

38. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 and 27 through 29 and 31 through 33 and 34 through 37 as though fully set forth herein.

39. Defendant Blair is or at relevant times was an officer or director of The Yacht Club, LLC. Defendant Blair failed in and abrogated his fiduciary duties to, among other things: (a) maintain proper corporate records, including accountings of monies received for the benefit of the

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

company's sole asset; (b) failure to maintain the company in good and active status with the Nevada Secretary of State; (c) failure to provide to shareholders (including Plaintiff) a reasonable, accurate and legally proper accounting; (d) failure to maintain proper and legitimate bank account(s) and associated records for the corporation; (e) conduct shareholder and director meetings as required by statute and the Bylaws; (f) reasonably protect and preserve corporate assets; (g) abstain from appropriation of monies intended for and rightfully belonging to the corporation; and (h) abstain from diversion of monies that were properly corporate funds and assets for personal use.

40.  In acting as hereinabove described, Defendant Blair did not exercise the care required of directors.

41.  As a result of such breaches of fiduciary duties, Plaintiff has been damaged in a sum according to proof.

## SEVENTH CLAIM - CONVERSION

### (Against All Defendants)

42. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 and 27 through 29 and 31 through 33 and 34 through 37 and 39 through 41 as though fully set forth herein.

43.  In or before February 2007, Defendant Blair falsely and fraudulently represented to Plaintiff:  (a) that the Vessel would be managed and operated as a fractional ownership Vessel through The Yacht Club, LLC. ; and, (b) that there was no risk because of his extensive experience.

44.  These representations were in fact false and defendant Blair knew of its falsity.  The true facts were: (1) that Defendant Blair was financially incapable of performing as promised; (2) that he illegally encumbered the Vessel through a loan(s) from Defendant Singleton and possibly others to pay for operating and slip costs; (3) that he diverted monies intended for reconstruction to his own uses; and (4) that Defendant Blair intended to take the Vessel to Mexico without consent or authority and/or sell the Vessel to a third-party; and (5) that Defendant Blair never kept Plaintiff informed as to the status of The Yacht Club, LLC. or the Vessel.

45.  Plaintiff justifiably relied on defendant's representations and was thereby induced to assent by signing a Bill of Sale transferring title to the Vessel to The Yacht Club, Inc. and allowing Defendant Blair to take physical possession of the Vessel.

46.  Recently, Plaintiff became aware that Peter Blair intended to take the vessel from San Diego, CA, to Mexico without consent.  On December 20, 2007, Plaintiff and his counsel lawfully boarded the Vessel with the intent of taking it to Marina del Rey in order to prevent the Vessel from being taken to Mexico.  After boarding the Vessel, it was discovered the keys to the Vessel were missing.  Plaintiff then called Defendant Peter Blair by telephone and advised him of his intention to take the vessel to Marina del Rey and asked for the keys to the Vessel.  Defendant Peter Blair refused to provide the keys.  Instead, Defendant Peter Blair called the San Diego Harbor Police and claimed Plaintiff was "stealing" the Vessel.  The San Diego Harbor Police were dispatched to the Vessel and Plaintiff and his counsel were questioned.

47.  Defendant Blair's acts alleged above were, on information and belief, willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages, additional to other damages in a minimum amount to be determined according to proof.

48.  Defendant Blair, and possibly others, on information and belief, conspired to, convert all or a portion of Plaintiff's interest in the defendant Vessel by utilizing The Yacht Club, LLC as a pass-through entity, all without the knowledge, authority or permission of Plaintiff.

## EIGHTH CLAIM - AGENT'S WRONGFUL APPROPRIATION
## OF PROPERTY OF PRINCIPAL
### (Against Defendant BLAIR)

49.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 11 and 12 through 17 and 19 through 25 and 27 through 29 and 31 through 33 and 34 through 37 and 39 through 41 and 43 though 48 as though fully set forth herein.

50.  Defendant Blair was and is an officer or director of Defendant The Yacht Club, LLC, and he was legally subject to orders of said defendant corporation.

51.  From the beginning of the formation of The Yacht Club, LLC, Defendant Blair, acting as

-10-

IN ADMIRALTY – FIRST AMENDED COMPLAINT FOR VESSEL ARREST AND DAMAGES

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

1   the agent of defendant The Yacht Club, LLC, for his own benefit and acting within the course and

2   scope of his authority from said defendant corporation, requested and received monies from

3   Plaintiff with the understanding the monies would be used to pay for vessel marketing and costs.

4   52.  As a result of such wrongful appropriation of property of a principal, Plaintiff has been

5   damaged in a sum according to proof.

6                              **NINTH CLAIM - BREACH OF CONTRACT**

7                                    **(Against Defendant BLAIR)**

8   53. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1

9   through 11 and 12 through 17 and 19 through 25 and 27 through 29 and 31 through 33 and 34

10  through 37 and 39 through 41 and 43 though 48 and 50 through 52 as though fully set forth herein.

11  54.  Prior to February 2007, Defendant Blair offered: (1) to take all actions necessary to have

12  the Vessel fitted and marketed as a fractional ownership Vessel for the benefit of Plaintiff; (2) to

13  form defendant The Yacht Club, LLC for the purpose of owning and managing the Vessel and the

14  purpose of assuring the marketing and refurbishment work was accomplished in a businesslike and

15  competent manner, including the maintenance of all business records and documents necessary to

16  track and substantiate the monies utilized in the project.

17  55.  Plaintiff accepted Defendant Blair's above offer.

18  56.  Defendant Blair breached this agreement, among other ways, by: (1) failing in whole to

19  market the Vessel for purposes of fractional ownership; (2) failing to accomplish any of the goals

20  contemplated by the agreement concerning the Vessel and The Yacht Club, LLC; (3) attempting to

21  personally profit from the use/sale of the Vessel to the detriment of Plaintiff ; (4) attempting to

22  unlawfully take title to the Vessel from Plaintiff; and (5) providing incomplete, false and

23  misleading documents in an attempt to provide an "accounting," so as to "explain" how Plaintiff's

24  contribution to The Yacht Club, LLC was utilized.

25  57.  As a direct and proximate result of said breaches, Plaintiff has been damaged in a sum or

26  sums according to proof.

27                                        **PRAYER**

28  WHEREFORE, Plaintiff prays for Judgment as follows:

-11-

IN ADMIRALTY – FIRST AMENDED COMPLAINT FOR VESSEL ARREST AND DAMAGES

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

1.      That process be issued against the defendant Vessel *in rem* and against all persons having or claiming any interest in her, citing them to interpose their claims herein, and that Plaintiff have judgment exonerating the Vessel of any and all such claims and of any liens which might be claimed, and establishing the sole ownership of Plaintiff; and

2.      That the Bill of Sale and related documents executed by Plaintiff in or before and after February 2007 with regard to the Vessel and The Yacht Club LLC, be declared void *ab initio* and/or *nunc pro tunc*; and

3.      For damages in a sum of not less than $250,000, according to proof; and

4.      For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the Civil Code;

5.      For the penalty prescribed by Corporations Code Section 2200; and

6.      For damages for time and money properly expended in pursuit of converted property; and

7.      For costs of suit, including *custodia legis* expenses; and

8.      For attorneys' fees; and

9. For punitive damages in a sum sufficient to deter and punish Defendant Blair for his unlawful, reckless, fraudulent and otherwise outrageous conduct; and

11.      For such other and further relief as the Court may deem just and proper.


    RESPECTFULLY SUBMITTED this 16th day of September 2008.


    ALCANTARA & ASSOCIATES, APC

    s/ James W. Alcantara _____
    JAMES W. ALCANTARA, ESQ.
    Attorney for Plaintiff Gregory A. Strasburg,
    Trustee of the Gregory A. Strasburg Revocable
    Trust dated 4/8/2003

Alcantara & Associates, APC
402 West Broadway, Suite 1170
Emerald Plaza Building
San Diego, California 92101
(619) 233-5900 Fax: (619) 233-5999

-12-