# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG REVOCABLE TRUST,,<br><br>Plaintiff,<br>vs.<br><br>M/Y JUST A NOTION; PETER BLAIR; JIM SINGLETON; THE YACHT CLUB, LLC; and WACHOVIA BANK, N.A.,<br><br>Defendant. | CASE NO. 08 CV 21 JLS (BLM)<br><br>**ORDER: (1) GRANTING PETER BLAIR'S MOTION FOR RECONSIDERATION and (2) DENYING LEAVE TO AMEND**<br><br>(Doc. No. 108) |

On April 1, 2010, Defendant Peter Blair ("Defendant"), proceeding *pro se*, filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) from this Court's Order dated August 25, 2009 denying Defendant Peter Blair and Yacht Club LLC's motion for leave to amend. (*See* Doc. No. 108; *see also* Doc. No. 65.) Plaintiff Gregory Strasburg filed a response in opposition to the Rule 60(b) motion for reconsideration on May 20, 2010. (Doc. No. 114.) Defendant filed a reply on May 27, 2010. (Doc. No. 115.) The reply incorrectly indicated that Plaintiff's opposition was untimely, but did not address the merits of the opposition.[1] (*See id.*) For the reasons stated below, the Court

---

[1] Attached to Plaintiff's response, Plaintiff's counsel submitted an affidavit indicating that the opposition was three days late due to an administrative error. Plaintiff was incorrect. The briefing schedule set by this Court required the opposition to Defendant's Rule 60(b) motion (Doc. No. 108) to be filed on or before June 1, 2010. (Doc. No. 111.) The briefing scheduled referred to by Plaintiff's counsel in his affidavit was set by Magistrate Judge Major regarding Defendant's motion

- 1 -                                                                                      08cv21

**HEREBY DENIES** Defendant's motion for reconsideration.

## BACKGROUND

Gregory Strasburg commenced this action on January 3, 2008 against Peter Blair, James Singleton, and Yacht Club LLC.  (Doc. No. 1.)   Strasburg asserts nine claims based on fraudulent inducement to enter into an agreement to transfer title and his continued unlawful possession and ownership of the vessel.  (*Id.* ¶ 12.) The claims asserted in the original complaint were: (1) petitory action to establish title pursuant to supplemental admiralty rules D and E(2); (2) fraud by intentional misrepresentations of fact; (3) fraud by negligent misrepresentation of fact; (4) fraud by suppression of material fact; (5) fraud by promise without intention to perform; (6) breach of fiduciary duty; (7) conversion; (8) agent's wrongful appropriation of property of principal (against Blair only); and (9) breach of contract (against Blair only).

On August 18, 2008, this Court granted Defendants' motion to dismiss the complaint without prejudice.  (Doc. No. 2008).  On September 16, 2008, Strasburg filed a First Amended Complaint ("FAC") apparently curing the deficiencies.  (Doc. No. 38.)  The FAC asserts all the same causes of action, but asserts all the fraud causes of action against Peter Blair only.  (*Id.*) Peter Blair and The Yacht Club LLC filed an answer to the FAC on October 16, 2008.  (Doc. No. 42.)  That same day, James Singleton filed a separate answer as well as a counterclaim against Strasburg and a crossclaim against Yacht Club LLC.  (Doc. Nos. 43 & 44.)

On June 22, 2009, Defendants Peter Blair and the Yacht Club, LLC filed a motion for leave to filed an amended answer/counterclaims.  (Doc. No. 60.)  Plaintiff filed a response in opposition to the motion on July 9, 2009 (Doc. No. 61) and Defendants Peter Blair and the Yacht Club, LLC filed a reply on July 16, 2009.  (Doc. No. 62.)  On August 25, 2009, the Court denied Defendants' motion for leave to amend.  (Doc. No. 65.)  It is this Order which is the subject of Defendant Peter Blair's motion for relief pursuant to Rule 60(b).  (Doc. No. 108).

On March 31, 2010, Peter Blair filed an ex parte motion to substitute himself, proceeding pro se, in place of Attorney James C. Mitchell.  (Doc. No. 103.)  After hearing and warning Peter Blair of the difficulties of proceeding pro se, the Court granted Peter Blair's ex parte motion on

---

for non-compliance (Doc. No. 109). (*See* Doc. No. 112.) As such, Plaintiff's opposition to Plaintiff's Rule 60(b) motion was timely.

1  April 8, 2010.  (Doc. No. 106.)  Mr. Mitchell remains counsel of record for Defendant Yacht Club,
2  LLC.
3      On April 1, 2010, Peter Blair filed a motion for reconsideration pursuant to Rule 60(b)
4  from this Court's Order denying leave to amend the answer and assert counterclaims dated August
5  25, 2009.  (Doc. No. 108.)  Plaintiff filed a response in opposition on May 20, 2010 and Peter
6  Blair filed a reply on May 27, 2010.  (Doc. Nos. 114, 115.)  The hearing was thereafter taken
7  under submission without oral argument.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

District courts also have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment." (quotation omitted)); *see also Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b).  Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hydranautics v. FilmTec Corp.*, 306 F.Supp. 2d 958, 968 (S.D.Cal. 2003).

Whether to grant or deny a motion for reconsideration is in the sound discretion of the district court.  *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).  "However, a court should generaly leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustive."  *Hydranautics*, 306 F. Supp. 2d at 968 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

//

# DISCUSSION

This Court's Order denying leave to amend found that Defendants had not shown "good cause" pursuant to Federal Rule of Civil Procedure 16, which sets the standard for granting leave to amend after a scheduling order has been issued. *See* Fed. R. Civ. P. 16(b)(4). Specifically, Defendants sought to amend the answer and assert two additional counterclaims. In the motion for leave to amend, Defendants' counsel, Mr. James C. Mitchell, admitted that he did not originally plead these counterclaims due to his own oversight, his lack of familiarity with the case, and because it "did not occur to [him] to file a counterclaim with the answer." (*See* Doc. No. 65 at 3.) The Court concluded that mere oversight on behalf of Defendants' counsel, despite 3 months lapse in time between the time he was retained and when he filed the Answer, did not satisfy the standard of "good cause" sufficient to modify the scheduling order's deadline for modifying pleadings and permit leave to amend. (*Id.*) As such, the Court denied leave to amend.

Defendant Peter Blair now moves the Court to reconsider that Order and grant leave to amend. Blair asserts that his counsel "failed to diligently and zealously protect his interests." (Mem. ISO Mot. at 3.) Blair further asserts that almost all documents and pleadings were given to Mr. Mitchell from his former counsel within a month of his retention and therefore Mr. Mitchell falsely claimed that Blair failed to provide said documents. (*Id.*) Thus, Blair argues that Mr. Mitchell's inactions should not be imputed onto Blair and Blair should not be prevented from asserting the breach of contract and damages counterclaims. (*Id.*)

As a threshold matter, the Court's Order denying leave to amend the answer and assert counterclaims is not a "final order," as it is not a final judgment nor a directly appealable interlocutory order. *See Corn v. Guam Coral Co.*, 318 F.2d 622, 628-29 (9th Cir. 1963); *see also* 28 U.S.C. §§ 1291, 1292. That the Order was not a final order does not preclude reconsideration, however, as the Court has inherent authority to reconsider interlocutory orders at any time prior to final judgment.[2] *See Amarel*, 102 F.3d at 1515. Accordingly, the Court considers whether justice so requires reconsideration of its Order denying leave to amend and finds that it does. Specifically, the Court appreciates Blair's position and finds that justice requires the Court to

---

[2] As such, the Court construes Peter Blair's motion for relief pursuant to Rule 60(b) as a general motion for reconsideration.

1  reconsider its Order denying leave to amend in light of Blair's allegations regarding his counsel,
2  counsel's blatant failure to appropriately show good cause for leave to amend, and Blair's
3  subsequent motion to proceed pro se, which this Court granted on April 8, 2010.  As such, the
4  Court, in its discretion, **GRANTS** Defendant's motion for reconsideration of its Order denying
5  leave to amend.

6  However, Blair has not sufficiently shown good cause for permitting leave to amend under
7  the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 16 (providing that once a scheduling
8  order has been issued, it may be modified only for good cause); *see also* Fed. R. Civ. P. 15
9  (providing the standard for granting or denying leave to amend once good cause has been
10 established); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992).
11 Blair's argument for reconsideration and for leave to amend are essentially the same—that his
12 lawyer's failures should not be imputed onto him and that Blair should not be penalized for his
13 lawyer's "oversight" or lack of diligence.  Thus, Blair suggests that the Court should allow him,
14 proceeding pro se, to correct his lawyers' errors while he was represented by him.  This is not an
15 appropriate showing of "good cause" to allow Blair to amend the answer and assert counterclaims
16 which were not originally asserted.

17 The United States Supreme Court has explained that, when a party voluntarily chooses his
18 attorney to represent him in an action, "he cannot now avoid the consequences of the acts or
19 omissions of this freely selected agent."  *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)
20 (holding that court's dismissal of the action due to plaintiff's counsel's failure to appear at a
21 pretrial conference does not impose an unjust penalty on the client and affirming the dismissal).
22 As such, Defendant chose Mr. Mitchell to represent him, Mr. Mitchell failed to originally answer
23 with counterclaims, and failed to show good cause to amend the scheduling order setting forth the
24 deadline for amending pleadings and therefore failed to establish why amendment should be
25 allowed.  Though Mr. Mitchell may have failed his client in this regard, the Court finds that
26 Defendant cannot now "avoid the consequences of the acts or omissions of his freely selected
27 agent" by terminating his relationship with that agent, proceeding pro se, and now seeking to
28 correct the negative consequences he is already bound by.  Defendant  makes no indication that he
did not consent to this representation and makes no showing as to why Mr. Mitchell's actions and

1  their consequences should not be imputed onto him.  To allow a party to "redo" his attorney's
2  mistakes for which he was bound would be patently unfair and, as such, is not the "good cause"
3  required by Rule 16 and under even the liberal standard of granting leave to amend pursuant to
4  Rule 15.[3]  To hold otherwise "would be wholly inconsistent with our system of representative
5  litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered
6  to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link*, 370 U.S. at
7  633-34 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)).  The Court therefore **DENIES** Peter
8  Blair leave to amend his answer and assert counterclaims.

## CONCLUSION

For those reasons, the Court **GRANTS** Blair's motion for reconsideration and **DENIES** leave to amend.  This Court's Order dated August 25, 2009 remains in full effect.

IT IS SO ORDERED.

DATED:  August 30, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[3]  Further complicating the issue is that Mr. Mitchell remains counsel of record for Blair co-Defendant Yacht Club, LLC.  Thus, if the Court were to allow Blair to amend his answer and assert counterclaims, any such doing would be on behalf of Blair, only.  Yacht Club, LLC, however would remain bound by this Court's previous Order.  This is an unfair and unjust result which would prejudice Yacht Club, LLC and further warrant denying Blair leave to amend.