UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and as Trustee of the GREGORY A. STRASBURG TRUST dated 4/8/2003,<br><br>Plaintiff,<br><br>v.<br><br>M/Y JUST A NOTION, et al.,<br><br>Defendants. | Case No. 08cv21-JLS (BLM)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE PRETRIAL DATE AND RELATED DEADLINES**<br><br>[ECF No. 125] |

On January 21, 2011, the parties filed a joint motion requesting "an additional 90-day continuance of pre-trial and related dates." ECF No. 125 at 1.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 124 (stating that dates "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609

(9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Here, the Court issued a scheduling order on November 3, 2008, setting forth discovery and pretrial deadlines. ECF No. 48. Subsequently, and on six separate occasions, the parties jointly requested, and the Court granted, continuances of the dates set forth therein. See ECF Nos. 66, 68, 86, 89, 101-02, 110, 113, 118-19, 123-24. Therefore, this is the parties' seventh such request. Because the parties are attempting to modify the dates, they must establish good cause justifying their request.

The parties state that the funds from "[t]he sale of the vessel which is the subject of this case . . . still have not yet been disbursed." ECF No. 125 at 2. They also represent that "the proceeds of sale are insufficient to pay both [Claimant] Wachovia and [Plaintiff/Counter-Defendant] Strasburg for amounts to which they feel they are entitled . . . [so] the two of them are in the process of finalizing a proposed disbursement" which will be filed "in short order, such that it can be determined within 90 days which, if any, claims may remain to be tried." Id. The parties do not represent, nor does the Court find, that the they have acted with reasonable diligence in moving this case forward. In fact, the parties' six prior requests for continuances suggest just the opposite. Moreover, the parties' last three requests to continue the pretrial hearing and related dates set forth essentially the same factual basis regarding non-disbursed funds. See ECF Nos. 110, 118, & 123. Therefore, the Court finds that the parties have failed to show the requisite good cause to modify the Court's scheduling order for the seventh time. Accordingly, the joint motion is **DENIED** and all dates and deadlines remain as currently set. See ECF No. 124.

**IT IS SO ORDERED.**

DATED: January 25, 2011

*Barbara F. Major*

BARBARA L. MAJOR
United States Magistrate Judge