UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. STRASBURG, Individually and a Trustee of the Gregory A. Strasburg Revocable Trust dated 4/8/2003,<br><br>Plaintiff,<br>v.<br><br>M/Y JUST A NOTION, Official Number 1089525, her engines, tackle, furniture and appurtenances, in rem,<br><br>Defendants. | Civil No.08cv0021 AJB (BLM)<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>[Doc. 180] |

Presently before the Court is Defendant The Yacht Club, LLC's ("Yacht Club") motion to alter or amend the Court's judgment, brought under Federal Rule of Civil Procedure 59(e). (Doc. 180.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination without oral argument. Accordingly, the motion hearing scheduled for July 20, 2012 is hereby vacated. For the reasons set forth below, the Court **DENIES** the motion.

**I.**

**LEGAL STANDARD**

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th

Cir. 2011). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application."[1]

While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed.2000); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted absent highly unusual circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). It cannot be used to ask a court to rethink what it has already thought, merely because a party disagrees with the court's decision. *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az.1998)).

## II.
## DISCUSSION

Yacht Club moves to amend the Court's memorandum decision and judgment, entered on June 12, 2012. (Doc. 179.) In its decision, the Court found that at all times relevant in this dispute, Plaintiff Strasburg was the title owner to the subject vessel, M/Y Just a Notion. The Court thus concluded that Strasburg is entitled to the proceeds remaining from the sale of the vessel pursuant to the Wachovia warrant of arrest. (Doc. 179 at 13-14.) The Court also found that neither Yacht Club nor Defendant Blair had properly perfected (i.e., "proved") any claims for damages. (*Id.*) It is one thing to allege, and document an alleged interest, and quite another to prove its bona fides. Yacht Club failed to establish any right to title to the vessel in this case, and had no independent claim for damages, as described in the memorandum decision.

---

[1] As a preliminary matter, the Court notes that Yacht Club failed to comply with Local Civil Rule 7.1(i)(1).

1    Yacht Club now asks the Court to amend its decision to state that (1) Yacht Club is the
2 prevailing party on the first claim for in rem relief, and (2) the remaining proceeds from the sale of the
3 vessel should be paid to Yacht Club. Yacht Club argues that its Statement of Right or Interest filed on
4 January 22, 2008 (Doc. 15) properly perfected its maritime lien against the vessel or its sale proceeds. It
5 asserts that it is entitled to the remaining proceeds because the Yacht Club Operating Agreement and its
6 September 4, 2007 addendum directed that the proceeds from the vessel's sale were to go to certain
7 Yacht Club members, before Strasburg. (Trial Ex. 42 at 2.)

8    The Court is aware of and has acknowledged Yacht Club's Statement of Right or Interest. On
9 May 3, 2012, the Court held a hearing on Plaintiff's motion for good-faith settlement determination and
10 entry of judgment. At that time, the Court declined to enter judgment *because of* the Statement of Right
11 or Interest, noting that it raised a claim that needed to be heard at trial.

12    However, Yacht Club failed to prove its claim at trial. The evidence is unequivocal that the
13 document transferring title of the vessel was contingent on a sale which never occurred. As the Court
14 noted in its decision, the purpose of the Operating Agreement was never consummated. No sales of
15 member interests (other than Mr. LaBreche's) occurred, and efforts to sell the vessel outright to a third
16 party did not materialize. (Doc. 179 at 10-11.) Because the condition precedent was never satisfied, the
17 addendum regarding distribution of sale proceeds is irrelevant. Moreover, Strasburg checked on the
18 status of title just before his attempts to retake the vessel, and title was confirmed at the Maritime
19 Document Escrow Office to be 100 percent in Strasburg's name. The transfer of title document
20 remained in the escrow file. Without question, title never passed to anyone under the Operating
21 Agreement or with regard to the title documents lodged in escrow. (Trial Ex. 39; Doc. 179 at 11-12.)
22 Strasburg is therefore entitled to the proceeds.

23 //
24 //
25 //
26 //
27 //
28 //

### III.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Yacht Club's motion to alter or amend the judgment.

IT IS SO ORDERED.

DATED: June 26, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge